**Certiorari Granted, May 1, 2014, No. 34,501**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2014-NMCA-054**

**Filing Date: December 17, 2013**

**Docket No. 32,335**

**KEN SNOW and ALLENE SNOW,**

> **Plaintiffs-Appellants,**

**v.**

**WARREN POWER & MACHINERY,**
**INC., d/b/a WARREN CAT, and**
**BRININSTOOL EQUIPMENT SALES,**

> **Defendants-Appellees,**

**and**

**MIDWEST HOSE & SPECIALTY, INC.,**
**GANDY CORPORATION, REPCON, INC.,**
**and HOLLY CORPORATION,**

> **Defendants.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sheri A. Raphaelson, District Judge**

Fadduol, Cluff & Hardy, P.C.
Richard L. Hardy
Eileen M. Shearin
Lubbock, TX

Sanders and Westbrook, P.C.
Maureen A. Sanders
Albuquerque, NM

for Appellants

1

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Thomas A. Outler
Richard E. Hatch
Albuquerque, NM

Civerolo, Gralow, Hill & Curtis, P.A.
Lawrence H. Hill
Justin L. Robbs
Albuquerque, NM

for Appellees

## OPINION

**GARCIA, Judge.**

**{1}**     We withdraw our opinion filed on December 12, 2013 and substitute the following in its place. Plaintiffs appeal from two orders granting summary judgment to Defendants Warren Power & Machinery, Inc., d/b/a Warren CAT and Brininstool Equipment Sales based upon the running of the statute of limitations. The question we must answer is whether the statute of limitations expired despite Plaintiffs' motion to amend that was filed on the last day of the applicable limitation period. The motion was not addressed or granted until days after the limitation period expired. Plaintiffs raise two defenses to overcome the statute of limitations: (1) the applicability of the relation-back theory under Rule 1-015(C) NMRA; and (2) the applicability of the doctrine of equitable tolling. Under the factual circumstances in this case, we conclude that the district court did not err when it granted summary judgment to Warren CAT and Brininstool based upon the expiration of the statute of limitations.

## BACKGROUND

**{2}**     On January 20, 2009, Plaintiff Ken Snow was injured at Navajo Refinery when a hose assembly came loose from a water pump and struck him in the leg while he was working. The hose had been manufactured by Midwest Hose & Specialty, Inc. and sold to Warren CAT. Warren CAT then rented the hose to Brininstool Equipment Sales who then supplied the hose to Navajo Refinery.

**{3}**     On August 15, 2011, Ken Snow and his wife, Allene Snow, filed their initial complaint and sought damages for Ken Snow's injuries. Plaintiffs' initial complaint named Midwest Hose & Specialty, Inc., Gandy Corporation, Repcon, Inc., and Holly Corporation as Defendants. On September 8, 2011, Plaintiffs filed their first amended complaint, correcting a date. On January 20, 2012, at 4:23 p.m., Plaintiffs filed a motion for leave to file a second amended complaint, seeking to add Warren CAT and Brininstool as additional new defendants. It is undisputed that Plaintiffs' motion for leave to file the second amended

complaint was filed on the final day before the relevant statute of limitations would expire. *See* NMSA 1978, § 37-1-8 (1976).

{4}    The district court entered an order, by electronic filing, granting leave to file the second amended complaint on Friday, January 27, 2012, at 4:05 p.m. Plaintiffs did not file their second amended complaint until Monday, January 30, 2012, at 10:56 a.m. Warren CAT and Brininstool were subsequently served with the second amended complaint on February 2 and 6, 2012. Warren CAT and Brininstool both moved for summary judgment, asserting that the statute of limitations had expired prior to the filing of the second amended complaint. The district court granted both motions, holding that the statute of limitations barred Plaintiffs' claims against Warren CAT and Brininstool. Plaintiffs timely appealed the granting of summary judgment in favor of Warren CAT and Brininstool.

**STANDARD OF REVIEW**

{5}    We review de novo a district court's grant of summary judgment, construing the evidence most favorably to the non-moving party. *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146; *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 5, 137 N.M. 339, 110 P.3d 1076. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "A defendant seeking summary judgment . . . bears the initial burden of negating at least one of the essential elements upon which the plaintiffs' claims are grounded." *S. Farm Bureau Cas. Co. v. Hiner*, 2005-NMCA-104, ¶ 9, 138 N.M. 154, 117 P.3d 960 (internal quotation marks and citation omitted). "Once such a showing is made, the burden shifts to the plaintiff to come forward with admissible evidence to establish each required element of the claim." *Id.* "If the facts are undisputed and only a legal interpretation of the facts remains, summary judgment is the appropriate remedy." *Bd. of Cnty. Comm'rs v. Risk Mgmt. Div.*, 1995-NMSC-046, ¶ 4, 120 N.M. 178, 899 P.2d 1132. "Summary judgment should not be granted when material issues of fact remain or when the facts are insufficiently developed for determination of the central issues involved." *Vieira v. Estate of Cantu*, 1997-NMCA-042, ¶ 17, 123 N.M. 342, 940 P.2d 190. "When facts relevant to a statute of limitations issue are not in dispute, the standard of review is whether the district court correctly applied the law to the undisputed facts. We review questions of law de novo." *Haas Enters., Inc. v. Davis*, 2003-NMCA-143, ¶ 9, 134 N.M. 675, 82 P.3d 42. We conclude that there are no material facts in dispute and we can decide this case as a matter of law.

**DISCUSSION**

{6}    Plaintiffs claim that two exceptions to the statute of limitations are applicable in this case. First, Plaintiffs contend that the second amended complaint should relate back to the date of the initial complaint under Rule 1-015(C) because Warren CAT and Brininstool knew of the accident before the limitations period expired. Second, Plaintiffs contend that the filing of their motion for leave to file the second amended complaint tolled the statute

of limitations until the second amended complaint was actually filed. We address each argument in turn.

**I.       Relation-Back to the Initial Complaint Under Rule 1-015(C)**

**{7}**       Were Plaintiffs to prevail under their relation-back theory, Warren CAT and Brininstool would be treated as if they were named as Defendants in the initial complaint, long before the expiration of the statute of limitations. Rule 1-015(C) sets forth the specific requirements for an amended complaint to relate back to the original pleading. Rule 1-015(C) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction[,] or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:
> (1)   has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
> (2)   knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

**{8}**       It is undisputed in this case that the second amended complaint arises out of the same accident and resulting injury set forth in the initial complaint. Defendants made a prima facie case as to the expiration of the statute of limitations by demonstrating the respective dates on which the accident occurred and the second amended complaint was granted and filed. *See Romero v. Ole Tires, Inc.*, 1984-NMCA-092, ¶ 11, 101 N.M. 759, 688 P.2d 1263. Thereafter, Plaintiffs had the burden of showing they satisfied the requirements of Rule 1-015(C). *Id.*; *see also Romero v. Bachicha*, 2001-NMCA-048, ¶¶ 12, 14, 130 N.M. 610, 28 P.3d 1151 ("[W]hen the proper party was not served and therefore is not before the court, a plaintiff must demonstrate compliance with the rule. . . . Under these circumstances, we will . . . require [a p]laintiff to bear his burden of proving that adequate notice was given [under Rule 1-015(C)(1), (2)] within the period for commencing the action."). "The rationale of Rule 1-015[(C)] is to preclude use of the statute of limitations mechanically to prevent adjudication of a claim where the real parties in interest were sufficiently alerted to the proceedings or were involved in them unofficially from an early stage." *Macias v. Jaramillo*, 2000-NMCA-086, ¶ 20, 129 N.M. 578, 11 P.3d 153 (internal quotation marks and citation omitted).

**{9}**       The dispute in this case concerns the notice requirements of Rule 1-015(C)(1), (2). *See Ole Tires*, 1984-NMCA-092, ¶ 15 (explaining that the notice requirements protect a defendant's right to invoke a statute of limitations defense). We must now determine whether

4

(1) Warren CAT and Brininstool had adequate notice of the institution of the action; and (2) they knew, or should have known, that but for inadvertence that arose due to mistaken identity, the action would have been brought against them. Rule 1-015(C)(1),(2); *see Bachicha*, 2001-NMCA-048, ¶ 12 ("The real inquiry when an amendment changes the name of a party is whether the newly identified or added party had adequate notice of the institution of the action and knew, or should have known, that but for the mistake, the action would have been brought against it."). If these two requirements were met, Plaintiffs' amended complaint will relate back to the date of the initial complaint.

**{10}**     At the outset, we note that the requirements of both subsections under Rule 1-015(C) must be fulfilled before the statute of limitations has run. *Ole Tires*, 1984-NMCA-092, ¶ 12. Accordingly, our first inquiry must address whether Warren CAT or Brininstool received notice that the lawsuit had been instituted at any point prior to the expiration of the statute of limitations. It is undisputed in this case that Warren CAT and Brininstool were both informed of the accident and its resulting injury almost immediately after it occurred.

1.     **Notice Under Rule 1-015(C)(1)**

**{11}**     Plaintiffs allege that both Defendants received notice of the institution of this lawsuit when they became aware of the accident and its resulting injury. We disagree. It is well established that a plaintiff cannot demonstrate compliance with the requirements of Rule 1-015(C)(1) merely by showing that a defendant was aware of the possibility that an action might be brought. *See Bachicha*, 2001-NMCA-048, ¶ 20 (holding that the submission of interrogatories to a defendant did not provide adequate notice of the institution of an action against that defendant). Accordingly, we reject Plaintiffs' contention that Defendants received notice of the lawsuit when they became aware of the accident and resulting injury. *See id*.

**{12}**     The record in this case is completely void of any indication that, prior to its receipt of Plaintiffs' second amended complaint, Brininstool was aware that Plaintiffs had instituted this lawsuit or that it might be named as a Defendant. Brininstool did not investigate the accident and injury, report the claim and potential lawsuit to risk managers or liability insurers, retain counsel, or take any other action to preserve potential evidence and testimony. *See Macias*, 2000-NMCA-086, ¶¶ 27-29 (finding notice where (1) the plaintiff had filed a claim against the defendant's insurance company immediately after an accident; (2) he had corresponded with the insurance company and other defendants for several months prior to filing the original complaint; (3) the insurance company knew that the complaint had been filed; and (4) the insurance company retained counsel to defend itself and the original defendants). Based upon Plaintiffs' lack of evidence, we conclude that it was not until service of the second amended complaint on February 6, 2012, that Brininstool received any notice of this lawsuit. Since Brininstool had no notice of the institution of the action prior to being served with the second amended complaint, we conclude that Plaintiffs failed to satisfy the requirements of Rule 1-015(C)(1). Accordingly, the second amended complaint against Brininstool does not relate back to the filing of the initial complaint under

5

Rule 1-015(C)(1).

**{13}** The record reflects that Warren CAT similarly took no action with regard to the accident and resulting injury. Unlike Brininstool, however, Warren CAT was served a subpoena requesting documents relevant to the accident and injury on December 13, 2011, approximately one month before the statute of limitations expired. We thus conclude that Plaintiffs presented evidence sufficient to establish that Warren CAT became aware of the lawsuit before the statute of limitations had run on their claims. At a minimum, such notice and knowledge creates an issue of fact regarding the requirement set forth in Rule 1-015(C)(1). If the requirement under Rule 1-015(C)(2) was also met, then Plaintiffs' amended complaint against Warren CAT could potentially relate back to the date of the initial complaint. However, we reject Plaintiff's claims against Warren CAT on the basis of Rule 1-015(C)(2) and need not address the notice requirement under Rule 1-015(C)(1) any further.

**2.      Mistake Concerning Identity Under Rule 1-015(C)(2)**

**{14}** Under Rule 1-015(C)(2), Plaintiffs must establish that Warren CAT was not made a party to the lawsuit before the statute of limitations expired because of "inadvertence due to mistaken identity." *Ole Tires*, 1984-NMCA-092, ¶ 17. Here, there was no attempt to assert that a mistake was made concerning the identity of Warren CAT and its relationship to the equipment involved in the accident. Plaintiffs even went so far as to subpoena Warren CAT to obtain evidence after the lawsuit was initiated. The situation appears to be similar to the situation in *Ole Tires* where, "lacking information that might have been discovered, a party did not plead a potential claim." *Id*. ¶ 17. Under the facts presented, Plaintiffs failed to exercise the due diligence necessary to obtain discoverable information about Warren CAT and then act on the information obtained prior to the expiration of the statute of limitation. *See Bachicha*, 2001-NMCA-048, ¶ 21 (noting that "the critical question is whether [the p]laintiff exercised due diligence").

**{15}** Plaintiffs have cited only to evidence that Warren CAT possessed various facts that would enable it to understand that Plaintiffs might potentially add it as a party to the lawsuit, at least upon further inquiry. Nevertheless, the record does not contain any evidence that Warren CAT had "reason to make further inquiry" based upon the information provided. *Ole Tires*, 1984-NMCA-092, ¶ 24. Warren CAT was required to have sufficient information to reasonably "know or have reason to know that it was a likely party to the [P]laintiffs' suit." *Id.* ¶ 20. The circumstances under which Warren CAT learned of the lawsuit gave no reasonable warning that Plaintiffs intended to sue Warren CAT. Based upon these facts, Warren CAT was entitled to assume that, unless it was sued within the limitations period, Plaintiffs did not have any claims that they intended to assert against Warren CAT.

**{16}** The substantive issue in this instance was the exercise of due diligence by Plaintiffs to identify and add Warren CAT as an additional defendant before the statute of limitations expired. *Id.* ¶ 17 (refusing to hold that the mistaken identity requirement under Rule 1-015(C)(2) was satisfied where "the situation appear[ed] to be one in which, lacking

6

information that might have been discovered, a party did not plead a potential claim"). Plaintiffs failed to present evidence that they exercised due diligence in regard to their investigation and identification of Warren CAT as an additional defendant earlier in the proceedings. Any such failure to exercise diligence in the discovery process must be held against Plaintiffs. *Id.* On the facts and record before us, the evidence would not establish that Plaintiffs met their burden of proof under Rule 1-015(C)(2). That Warren CAT could have been a defendant, or received subpoena requests at a time when the statute of limitations had not yet expired, is simply insufficient to convey the status of "likely party" or demonstrate a fact pertinent to the inquiry of mistaken identity. As a result, we conclude that the district court did not err when it ruled that the amended complaint against Warren CAT cannot relate back to the initial complaint under Rule 1-015(C).

## II.    Equitable Tolling

**{17}**    Plaintiffs assert that a motion to amend their complaint, with the amended complaint attached to the motion, tolls the statute of limitation when the motion is filed prior to the running of the limitations period. Given that the amended complaint could have been filed on the day the order granting Plaintiffs' motion to amend was filed, filing the following Monday unequivocally missed the recognized deadline. Plaintiffs cite various federal cases in support of their position and ask this Court to follow federal precedent in this state court proceeding. *See Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶¶ 15-18, 135 N.M. 539, 91 P.3d 58 (applying federal precedent to the doctrine of equitable tolling where a Title VII claim involved a federal statute). By their argument, Plaintiffs ask this Court to adopt a bright-line rule whereby the statute of limitations is tolled for the period of time between the filing of a motion to amend the complaint until the subsequent ruling is entered on the motion. *See Moore v. State of Ind.*, 999 F.2d 1125, 1131 (7th Cir. 1993) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion."). New Mexico has never recognized such an exception, and this Court is asked to address this issue as a matter of first impression.

**{18}**    Although we have not yet addressed the exact question raised by this appeal, "New Mexico directly recognizes the distinct legal theory of equitable tolling." *Slusser v. Vantage Builders, Inc.*, 2013-NMCA-073, ¶ 13, 306 P.3d 524. As such, we shall address the federal precedent cited by Plaintiffs, but we ultimately rely on New Mexico precedent to deny Plaintiffs' claim for equitable tolling.

## 1.    Application of Equitable Tolling Under Federal Law

**{19}**    Plaintiffs argue that "[t]his Court should allow tolling of the statute of limitations for the period of time between the filing of a motion to amend and a court's ruling on that motion, because during that passage of time Plaintiffs are unable to file an amended

complaint adding a party." *See Mayes v. AT & T Info. Sys, Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989) (per curiam); *Rademaker v. E.D. Flynn Exp. Co.*, 17 F.2d 15, 17 (5th Cir. 1927); *Longo v. Pa. Elec. Co.*, 618 F. Supp. 87, 89 (W.D. Pa. 1985), *aff'd*, 856 F.2d 183 (3d Cir. 1988); *Eaton Corp. v. Appliance Valves Co.*, 634 F.Supp. 974, 982-83 (N.D. Ind. 1984), *aff'd on other grounds*, 790 F.2d 874 (Fed. Cir. 1986); *Gloster v. Pa. R.R. Co.*, 214 F. Supp. 207, 208 (W.D. Pa. 1963). Plaintiffs argue that they "should not be penalized for their inability to file a motion to amend adding a party within the statute of limitations period absent court permission."

{20} We agree with Plaintiffs that "[a]ny number of factors could delay the [district c]ourt's approval" of a motion, and that equitable tolling should apply under certain circumstances. However, the factors for delay cited by Plaintiffs, including "scheduling a hearing, a [j]udge being reassigned, retiring[,] or absent for an extended period of time for medical reasons," are absent in the present case. More significantly, Plaintiffs have overlooked the dispositive factual distinguishment present in almost every case they have cited in support of their argument. The plaintiffs in each of those cases filed their amended complaints on the day the motion to amend was granted. *See Mayes*, 867 F.2d at 1173 ("On October 20, 1987, the district court granted [the appellant's] motion to amend, whereupon [the appellant] filed her amended complaint."); *Longo*, 618 F. Supp. at 88 ("[The district c]ourt signed an order permitting such amendment on November 2, 1983; and on this same day, the amended complaint was filed by [the p]laintiff[.]"); *Gloster*, 214 F. Supp. at 208 (relying on a case where the amended complaint was filed before the motion to amend was heard or entered). Even in the few cases where the plaintiffs filed their amended complaints after their motions to amend were granted, those plaintiffs had diligently provided notice of their complaints to the defendants they were seeking to add. *See Rademaker* 17 F.2d at 16 (tolling the statute of limitations where process was issued and served on the newly added defendant within the applicable statute of limitations, but the amended complaint was not filed until after the statute had expired); *Eaton Corp.*, 634 F. Supp. at 982 (relying on the reasoning in *Rademaker*); *see also Nett v. Bellucci*, 774 N.E.2d 130, 138 (Mass. 2002) (applying equitable tolling where the newly added defendant "was served with the motion to amend and notified of the fact that the motion had been filed, all prior to the expiration of the seven-year repose period"). Thus, application of the federal equitable tolling doctrine will toll the statute of limitations from the date of tolling until the date a plaintiff's motion to amend the original complaint is granted. *See Perez v. Paramount Commc'ns, Inc.*, 709 N.E.2d 83, 87 (N.Y. 1999) ("Thus, from the date the toll began until it ended on November 3, 1993—the date of entry of the order granting [the] plaintiff permission to add MSG as a defendant—the [s]tatute of [l]imitations was tolled[.]").

{21} Even under the federal authority provided by Plaintiffs, the statute of limitations would only have been tolled until January 27, the date the district court granted Plaintiffs' motion to amend. However, Plaintiffs did not actually file their amended complaint until January 30. Plaintiffs filed their amended complaint three days after the extended period expired. Accordingly, it was still three days late. This technical failure may have been excusable had Plaintiffs diligently served Defendants with notice of the amended complaint

8

within the original statutory limitations period, but the record reflects that Warren CAT and Brininstool were not notified or otherwise served with the second amended complaint until February—nearly two weeks later. The federal authority cited by Plaintiffs is therefore inapplicable to salvage their amended complaint filed on January 30 when the tolling period expired three days earlier, on January 27. We now address equitable tolling as it exists in New Mexico.

## 2. Application of Equitable Tolling in New Mexico

**{22}**    "Equitable tolling is a nonstatutory tolling theory which suspends a limitations period." *Slusser*, 2013-NMCA-073, ¶ 13 (internal quotation marks and citation omitted). "We determine the applicability of equitable tolling on a case-by-case basis, with an eye toward cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control." *Id.* (internal quotation marks and citation omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* ¶ 16 (internal quotation marks and citation omitted). "The purpose of equitable tolling is to give the plaintiff extra time if he needs it. If he doesn't need[,] it there is no basis for depriving the defendant of the protection of the statute of limitations." *Id.* ¶ 14 (internal quotation marks and citation omitted).

**{23}**    We conclude that equitable tolling does not apply under the particular facts of this case because Plaintiffs failed to present the district court with evidence that they have diligently pursued their rights or that extraordinary circumstances stood in their way. *See Stringer v. Dudoich,* 1978-NMSC-071, ¶ 3, 92 N.M. 98, 583 P.2d 462 (stating that the party asserting equitable tolling bears the burden of providing sufficient facts that if proven would toll the statute). Plaintiffs here failed to factually establish that they were reasonably diligent in their efforts to identify Warren CAT and Brininstool as potential Defendants and that extraordinary circumstances stood in their way. Instead, Plaintiffs' briefing on appeal produced facts indicating that the evidence known to exist well within the statute of limitation would support their claim against Warren CAT and Brininstool. Despite this evidence, Plaintiffs have not explained the due diligence of their discovery efforts and why they did not proceed to use the evidence obtained to achieve a timely amendment to their complaint within the statutory limitation period. Effectively, Plaintiffs failed to produce factual evidence regarding the efforts they undertook, if any, to diligently pursue their rights. Instead, Plaintiffs merely assert that equitable tolling "seems reasonable" where the motion to amend was timely filed, but the district court ruled on the motion after the limitation period expired. Finally, Plaintiffs offered no evidence to establish the existence of an extraordinary circumstance that was claimed to be standing in their way and preventing the diligent pursuit of their rights.

**{24}**    "[T]he purpose of a statute of limitations is to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights." *Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 23, 140 N.M. 111, 140 P.3d 532 (internal quotation

9

marks and citation omitted). Summary judgment is appropriate where Plaintiffs have offered no facts to explain why they did not earlier attempt to add Defendants. *See Slusser*, 2013-NMCA-073, ¶ 20 ("To provide the district court with a basis to apply equitable tolling in this case, [the p]laintiff must show that she was unable to discover the facts constituting [the d]efendant's discriminatory intent, *despite* her diligence to assert her rights.") "This court is inclined to believe that such facts should be forthcoming in order to satisfy the due diligence requirement of equitable tolling." *Id.* (alteration, internal quotation marks, and citation omitted). Neither Plaintiffs' response to the motions for summary judgment, nor their briefing on appeal establish the nature of their efforts and diligence to discover the facts that would support their new cause of action against Warren CAT and Brininstool. *See id.* As a result, Plaintiffs have failed to carry their burden to establish the two requirements for equitable tolling under *Slusser*, 2013-NMCA-073, ¶ 16. The district court did not err in granting summary judgment against Plaintiffs on the ground that the statute of limitation had properly expired.

## CONCLUSION

**{25}** The statute of limitations expired prior to the filing of Plaintiffs' second amended complaint against Warren CAT and Brininstool. Neither the relation-back theory under Rule 1-015(C) nor the doctrine of equitable tolling apply to save Plaintiffs' late filing of the second amended complaint. The statute of limitations ruling is dispositive, and we affirm the district court's grant of summary judgment in favor of Warren CAT and Brininstool.

**{26}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**J. MILES HANISEE, Judge**

**Topic Index for *Snow v. Warren Power & Machinery, Inc.*, No. 32,335**

**APPEAL AND ERROR**
Standard of Review

**CIVIL PROCEDURE**

10

Equitable Claims or Defenses
Limitation of Actions
Notice
Relation Back
Summary Judgment

**TORTS**
Products Liability
Statute of Limitations