**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Opinion Number: 2015-NMSC-026**

**Filing Date:  August 10, 2015**

**Docket No. 34,501**

**KEN SNOW and ALLENE SNOW,**

       **Plaintiffs-Petitioners,**

**v.**

**WARREN POWER & MACHINERY, INC.,
d/b/a WARREN CAT, and BRININSTOOL
EQUIPMENT SALES,**

       **Defendants-Respondents.**


**ORIGINAL PROCEEDING ON CERTIORARI
Sheri A. Raphaelson, District Judge**

Sanders & Westbrook, P.C.
Maureen A. Sanders
Albuquerque, NM

Fadduol, Cluff & Hardy, P.C.
Richard L. Hardy
Eileen M. Shearin
Lubbock, TX

for Petitioners

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Richard E. Hatch
Thomas A. Outler
Albuquerque, NM

for Respondent Warren Power & Machinery, Inc., d/b/a Warren Cat


Civerolo, Gralow, Hill & Curtis, P.A.

1

Lawrence H. Hill
Justin L. Robbs
Albuquerque, NM

for Respondent Brininstool Equipment Sales

David J. Stout
Michael B. Browde
Albuquerque, NM

for Amicus Curiae New Mexico Trial Lawyers Association

Law Offices of Bruce S. McDonald
Sean E. Garrett
Albuquerque, NM

for Amicus Curiae New Mexico Defense Lawyers Association

## OPINION

**BOSSON, Justice.**

**{1}**     This matter presents an unusual issue dealing with the procedure for seeking leave to amend a complaint to add parties as additional defendants. When the motion for leave is filed before the statute of limitations has run, but the order granting leave is filed after the statute has run, is the amended complaint time barred? Adopting a new rule for this situation, we hold that the subsequently filed amended complaint, post-statute of limitations, is deemed filed as of the date of the original motion for leave to file and accordingly, the statute of limitations is not a bar. Our Court of Appeals having held to the contrary, we reverse.

## BACKGROUND

**{2}**     Ken Snow worked as an operator for the Navajo Refinery. His duties as an operator included performance of a "turn-around," a "process by which the refinery is shut down and all the parts and connections are cleaned or replaced." During a turn-around on January 20, 2009, a hose assembly came loose and struck Snow, causing "serious, life-changing injuries."

**{3}**     On August 15, 2011, Snow and his wife filed a complaint for personal injury, loss of consortium, and punitive damages, resulting from the injuries sustained during the January 2009 incident. In that complaint, the Snows named Midwest Hose & Specialty, Inc.,

2

Gandy Corporation, Repcon, Inc., and Holly Corporation as defendants.[1] The Snows then served discovery on the named defendants in an effort to ascertain who had manufactured, provided, or installed the equipment that injured Snow. The documents submitted in response to the discovery requests revealed that Warren Power & Machinery, Inc. d/b/a Warren CAT (Warren) and Brininstool Equipment Sales (Brininstool) provided equipment used during the turn-around. In light of this finding, the Snows sought to amend their complaint to add, for the first time, Warren and Brininstool as defendants in the lawsuit.

{4}     Under New Mexico law, an action for injury to a person must be brought within three years from the date of the injury, which in this case would require the complaint to be filed by January 20, 2012. *See* NMSA 1978, § 37-1-8 (1976); *N.M. Elec. Serv. Co. v. Montanez*, 1976-NMSC-028, ¶ 13, 89 N.M. 278, 551 P.2d 634. The New Mexico Rules of Civil Procedure for the District Courts allow a party to amend the complaint, but require leave of court or written consent of the adverse party to amend if more than 20 days have passed since the original complaint was served or if an answer has been filed. *See* Rule 1-015(A). The rules also require that the proposed pleading be attached to the motion to amend. *See* Rule 1-007.1(C) NMRA ("Motions to amend pleadings shall have attached the proposed pleading.").

{5}     Here, the opposing parties had filed answers to the Snows' first amended complaint so the Snows needed leave of court in order to file a second amended complaint. At 4:23 p.m. on January 20, 2012, the final day before the period allowed under the statute of limitations would expire, the Snows electronically filed an unopposed motion seeking leave of court to file a second amended complaint that added Warren and Brininstool as additional defendants. The Snows attached the proposed second amended complaint as an exhibit to the motion.

{6}     At 4:05 p.m. on Friday, January 27, 2012, one week after the Snows filed the motion and one week after the statute of limitations period had expired, the district court issued its order granting leave of court for the Snows to file the second amended complaint that was attached to the motion. The Snows received notification of the court's decision the following business day, Monday January 30, at 10:21 a.m.,[2] when they received electronic notice of

---

[1]On September 8, 2011, the Snows filed an amended complaint (the first amended complaint) changing the date of injury from June 4, 2009 to January 20, 2009. The Snows filed their amended complaint before any defendant answered and did not require leave of court. *See* Rule 1-015(A) NMRA.

[2]The time and date of notification were not preserved in the record proper. We include this information only to provide an example of how electronic filing and service can cause delay that is outside the control of the filing party. Because the matter was fully settled, our decision to include this alleged fact is not prejudicial to either party.

3

filing.[3] Thirty-five minutes later, at 10:56 a.m. on January 30, 2012, the Snows electronically filed the second amended complaint, the exact document originally included as an exhibit to their January 20 motion.

**{7}** The existing defendants were electronically served through the Electronic Filing System (EFS), but Warren and Brininstool, the new defendants, required service through another authorized method.[4] The district court clerk issued summons for Brininstool and Warren on Tuesday, January 31, 2012, and the Snows served the summons and second amended complaint on Warren and Brininstool shortly thereafter.

**{8}** In their respective answers to the second amended complaint, Warren and Brininstool each asserted as an affirmative defense that the claims against them were barred by the three-year statute of limitations. Warren and Brininstool filed motions for summary judgment. In response, the Snows argued that the delay inherent in the rule requiring leave of court to file an amended complaint unfairly truncated the period of time prescribed by the statute of limitations to file a complaint and in this case precluded them from lawfully filing the second amended complaint until after the limitations period had passed. The Snows further argued, in order to cure this unfairness, that the second amended complaint should be "deemed" filed as a matter of law at the time the motion requesting leave of court was filed because the second amended complaint was attached to the motion. Alternatively, the Snows argued that the second amended complaint should relate back to the original filing date under Rule 1-015(C) NMRA.

**{9}** After full briefing and a hearing, the district court granted both summary judgment motions and dismissed Warren and Brininstool as defendants because the second amended complaint was filed after the statute of limitations had run. The Court of Appeals affirmed the district court and held that neither defense raised by the Snows, relation back under Rule 1-015(C) and the doctrine of equitable tolling, applies to save the late filing of the second amended complaint. *Snow v. Warren Power & Mach., Inc.*, 2014-NMCA-054, ¶ 1, 326 P.3d 33. The Snows filed a petition for writ of certiorari requesting this Court to review the Court of Appeals' application of the doctrine of equitable tolling. *Snow v. Warren Power & Mach.,*

---

[3]When any party, including the court, opts to electronically serve its filed document, the Electronic Filing System generates a Notice of Electronic Filing, an email verification that the court received the e-filed document and serves as official notice of filing. *See* Rule 1-005.2(C) NMRA; Electronic Filing User Guide, ¶ 6 (effective December 29, 2011), available at https://firstdistrictcourt.nmcourts.gov/images/File%20and%20Serve%20User%20Guide.pdf (last viewed July 13, 2015).

[4]Our rules authorize service by electronic transmission to parties listed on the Service Contact List for the corresponding case, but require complaints or other initiating pleadings to be served by other means. *See* Rules 1-004, 1-005 and 1-005.2(C) NMRA; Electronic Fling User Guide, *supra*, ¶ 6.

*Inc.*, 2014-NMCERT-005.

**{10}** Shortly after submitting the petition, the parties reached a full settlement agreement. The Snows filed a notice withdrawing their petition for writ of certiorari, stating that the settlement and the subsequent dismissal of all claims against Warren and Brininstool left no active controversy.[5] In response, this Court issued an order declining to accept the notice of withdrawal and granting certiorari to review the Court of Appeals' opinion. We invited the New Mexico Trial Lawyers Association (NMTLA) and the New Mexico Defense Lawyers Association (NMDLA) to intervene as amici and submit briefs addressing the certified question. We thank both associations for their timely and thoughtful briefs which have informed our deliberations. Having settled, the named parties did not brief the issue to this Court.

## DISCUSSION

### Mootness

**{11}** The settlement renders the dispute between the parties moot but does not prohibit this Court from retaining jurisdiction over the case and issuing a full opinion on the question presented for our review.

> When no actual controversy exists for which a ruling by the court will grant relief, an appeal is moot and ordinarily should be dismissed. In New Mexico, however, courts recognize two exceptions to the prohibition on deciding moot cases: cases which present issues of substantial public interest, and cases which are capable of repetition yet evade review. A case presents an issue of substantial public interest if it involves a constitutional question or affects a fundamental right such as voting. An issue is capable of repetition yet evading review if the issue is likely to arise in a future lawsuit, regardless of the identity of the parties. The Court's review of moot cases that either raise an issue of substantial public interest or are capable of repetition yet evading review is discretionary.

*Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853 (internal quotation marks and citations omitted). The question presented in this case is "[w]hether the [Snows'] Motion for Leave to file Plaintiffs' Second Amended Complaint tolled the statute of limitations when [they] attached the [p]roposed Second Amended Complaint to the Motion." It gives rise to a question of substantial public interest likely to arise in a future lawsuit.

---

[5]On April 10, 2014, the district judge entered an order of dismissal with prejudice dismissing all of the Snows' claims against Brininstool and Warren.

**{12}** Our pleading rules require parties to request leave of court to amend a complaint, but do not account for the time it may take a court to make a decision on the request. *See* Rule 1-015(A). Here, the motion requesting leave was filed on the last day allowed under the statute of limitations. But, a party who filed an identical motion a week or even a month before the statute of limitations expired would face the same result if the court did not grant the motion until after the statute of limitations expired. Whether the motion is filed at the last minute or well in advance, under our existing rules the timeliness of a claim is partially dependent upon the speed at which a court decides the motion and grants leave, a matter wholly outside the control of any party to a lawsuit.

**{13}** The advent of the EFS exacerbates the potential for delay because filing, and in most cases service, are also not in the control of the attorney seeking to amend. Unlike practice in the past, the EFS prohibits a lawyer from taking an unopposed order directly to the judge to obtain a signature, then going to the clerk's office to file the motion, the signed order, and the amended complaint. Now, all documents must be electronically filed. *See* Rule 1-005.2; LR1-312 NMRA.

**{14}** Under the EFS, a lawyer must first electronically file a motion and wait for electronic notification that the document has been accepted for filing. *See* Electronic Filing User Guide, *supra*, ¶ 7. Then, the lawyer must email the endorsed copy of the motion, the proposed amended complaint, and a proposed order to the judge and wait for an electronic notification that the judge has ruled on the motion and filed the order. *Id.* ¶ 8. If the motion is granted, the lawyer may then file the amended complaint. *See* Rule 1-015(A). As a result, what was possible to complete in a single day under the old system now takes an indefinite amount of time, dependent on the judge checking the email, making a ruling, and issuing an order, and the attorney receiving notification from the EFS.

**{15}** The question presented for our review, therefore, directly concerns our rules for pleading and their potential interference with a party's lawful right to bring the merits of a case before a court. Both categories of discretionary appellate review are satisfied, therefore, as the question presents an issue capable of repetition that affects a substantial public interest.

**{16}** The NMDLA raises the concern that issuing a ruling on this question that has been resolved through a voluntary settlement will discourage settlements in other cases. We acknowledge this concern and we maintain our policy favoring settlement of cases. However, in this case we determine that the potential impact of our decision on settlements is far outweighed by the public importance of resolving this significant concern with our pleading rules. Therefore, in line with our established jurisprudence in this area, we choose to issue an opinion to provide guidance to the appropriate rules committee in our continuing effort to improve our pleading rules.

**Rule 1-015(C) providing for relation back of certain amended complaints filed *after* the statute of limitations has expired does not address the issue in this case**

6

**{17}** The NMDLA argues that existing New Mexico law provides adequate options to plaintiffs seeking to add a new defendant. We start with our rule that allows a party to amend a complaint to add a new defendant. Rule 1-015(A) allows a party to amend a complaint, but sets forth limitations on when a party may amend by right and when a party must seek leave of court to amend a complaint.

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty (20) days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten (10) days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

*Id.* New Mexico has consistently maintained a policy of allowing parties freely to amend their complaints so long as it does not interfere with the administration of justice. *See Martinez v. Research Park, Inc.*, 1965-NMSC-146, ¶ 19, 75 N.M. 672, 410 P.2d 200 ("The law has long recognized the principle that amendments to pleadings are favored, and that the right thereto should be liberally permitted in the furtherance of justice."), *overruled on other grounds by Lakeview Invs., Inc. v. Alamogordo Lake Vill., Inc.*, 1974-NMSC-027, ¶ 8, 86 N.M. 151, 520 P.2d 1096.

**{18}** A party must, however, file the amended complaint within the period allowed under the statute of limitations, which in this case was three years. *See* § 37-1-8. Rule 1-015(C) provides an exception by allowing an amendment to a pleading that is filed after the statute of limitations has run to relate back to the date the original complaint was filed, but only when specific conditions are met. *See Capco Acquisub, Inc. v. Greka Energy Corp.*, 2008-NMCA-153, ¶ 41, 145 N.M. 328, 198 P.3d 354 ("Rule 1-015(C) . . . applies where the proposed amendment seeks to add a party.").

**{19}** Rule 1-015(C) states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:
>
> > (1)  has received such notice of the institution of the action that he

will not be prejudiced in maintaining his defense on the merits; and

> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

**{20}** Rule 1-015(C) thus provides a remedy when a plaintiff fails to name a defendant *prior* to the expiration of time allowed under the statute of limitations. "The rationale behind allowing an amendment to relate back is that the statute of limitations should not be used mechanically to prevent adjudication of a claim where the real parties in interest were sufficiently alerted to the proceedings or were involved in them unofficially from an early stage." *Capco Acquisub*, 2008-NMCA-153, ¶ 44 (alterations omitted) (internal quotation marks and citation omitted).

**{21}** The Court of Appeals determined that the Rule 1-015(C) requirements were not established in order to reach their holding that relation back under Rule 1-015(C) did not apply. *Snow*, 2014-NMCA-054, ¶ 16. We are not persuaded, however, that Rule 1-015(C) addresses the situation of when a motion requesting leave of court to file an amended complaint with the amended complaint attached was filed *before* the statute of limitations expired but was not decided until after the statute of limitations expired. The Snows had no opportunity to timely file the amended complaint even though the court granted them permission to file.

**{22}** Here, the Snows uncovered additional actors who may bear liability, in addition to the originally-named defendants, and attempted to add them to the action pursuant to Rule 1-015(A) *before* the statute of limitations had run. But, because the rules required leave of court, they could not directly file the second amended complaint and instead had to file a motion requesting leave with the second amended complaint attached. Rules 1-007.1(C), 1-015(A). Therefore, the Snows' delay in filing the second amended complaint until after the statute of limitations had expired was due to inevitable, systemic complications, such as the time it took for the district court to process the motion to amend as well as unforeseen effects from our new EFS. It was not because the Snows made a mistake in party identity.

**{23}** Thus, we are determining whether filing a motion with the attached second amended complaint before the statute of limitations expires should stand in the place, for statute of limitations purposes, of the amended complaint. It seems that Rule 1-015(C) did not contemplate this question and thus it cannot provide an answer. Finding no guidance in our existing rules, we turn to the application of non-statutory tolling.

**Non-statutory tolling principles allow filing a motion to amend with the amended complaint attached to toll the statute of limitations**

**{24}** New Mexico has characterized "equitable tolling" as a non-statutory tolling principle that provides relief in cases when circumstances beyond the plaintiff's control preclude filing

suit within the statute of limitations. *See Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 15, 135 N.M. 539, 91 P.3d 58. While we have applied non-statutory tolling principles to avoid the bar of the statute of limitations under our equitable tolling doctrine, we have never addressed the exact issue before us. *Snow*, 2014-NMCA-054, ¶ 18.

**{25}** Our Court of Appeals determined that equitable tolling could not be applied to this case because the Snows did not demonstrate extraordinary circumstances that prevented them from timely filing the amended complaint. *Snow*, 2014-NMCA-054, ¶ 23. Flatly prohibiting tolling in this instance, however, seems to defeat the purpose of providing equitable relief when circumstances beyond a party's control, such as inevitable court delay, prevent that party from timely filing.

**{26}** We have to assume that when enacting the statute of limitations for statutory causes of action, the Legislature determined an appropriate time period—in this case three years—after carefully contemplating the competing interests of providing 1) adequate time to injured plaintiffs to file a complaint and 2) certainty to defendants that their liability for past conduct will have a definite end. *See Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 23, 140 N.M. 111, 140 P.3d 532. This Court, by imposing requirements on a party requesting leave to file an amended complaint without also accounting for the delay inherent in that request, runs the risk of truncating the period established by the Legislature to file suit. Essentially, we would be requiring parties seeking to file an amended complaint within the prescribed time to 1) anticipate how long it might take a particular judge to rule on a motion, and 2) subtract that additional time from the end date of the statute of limitations. Yet, no party can know how much that delay may be, and worse yet, that party has no means to control that delay; it is out of the party's hands.

**{27}** In this case, the Snows filed their motion on the eve of the expiration of the statute of limitations, not allowing much time for the district court to issue a ruling. The court took a week in this case, but the Snows could not have anticipated that. If the Snows had filed the motion a week before the statute of limitations would run and it took a month for the judge to issue its decision, the result—that the amended complaint was not timely filed—would be the same. It would be an absurd policy for us to interpret our statutes and rules in a way that requires a plaintiff to anticipate the turnaround of a court and thereby risk truncating the limitations period set by the Legislature. Therefore, we are not persuaded by the Court of Appeals' analysis and look for guidance beyond our case law to other jurisdictions that have directly addressed this issue.

**{28}** Most jurisdictions apply some degree of tolling to account for the time it takes a court to rule on a motion requesting leave of court to file an amended complaint, so long as the amended complaint is attached to the motion, as was done in this case. *See Children's Store v. Cody Enters., Inc.*, 580 A.2d 1206, 1209-1210 (Vt. 1990) ("The state and federal courts that have confronted this question have held that an action against a new party, brought in through amendment to a preexisting complaint, is commenced when the motion to amend, and the new complaint, is filed even though permission to make the amendment is given at

9

a later date."). *See also Rademaker v. E.D. Flynn Exp. Co.*, 17 F.2d 15, 17 (5th Cir. 1927) (adopting a rule that a motion for leave to amend stands in the place of an actual amendment when it is full and comprehensive in its averment of facts). As the United States Court of Appeals for the Seventh Circuit explained,

> As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion.

*Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993).

**{29}**  There appears to be some disagreement, however, over whether 1) filing a motion requesting leave with the amended complaint attached stops the statute of limitations by "deeming" the amended complaint filed for the purposes of the statute of limitations at the time the motion with the amended complaint attached is filed, or 2) filing the motion requesting leave only tolls the statute of limitations until the court enters the order.

**{30}**  The Massachusetts Supreme Judicial Court has observed, as have we earlier in this opinion, that because leave of court is required to amend a complaint, the plaintiff has little or no control over when the amended complaint may be filed. *See Nett v. Bellucci*, 774 N.E.2d 130, 136 (Mass. 2002). Thus, filing the motion to amend with the proposed complaint attached should be treated as the functional equivalent of filing an original complaint, subject to permission subsequently granted. *Id.* at 137. That court held that the operative date for commencement of an action is the date of filing a motion for leave to amend, so long as the motion adequately describes the contemplated amendment either through a memorandum or an attached amended complaint. *Id.* at 141. *See Totura & Co. v. Williams*, 754 So. 2d 671 (Fla. 2000) (allowing the amended complaint to relate back to the date the motion to amend was filed in order to defeat the statute of limitations defense); *Children's Store*, 580 A.2d at 1210 ("The better rule is that the action is commenced when the plaintiff files the motion to amend *and* the proposed complaint irrespective of when the court [eventually] grants the motion to amend.").

**{31}**  The New York Court of Appeals, on the other hand, agreed that some form of tolling was necessary but declined to adopt the "deeming" approach used in Florida, Massachusetts, and Vermont. *See Perez v. Paramount Commc'ns, Inc.*, 709 N.E.2d 83, 86 (N.Y. 1999). Instead, that court only allowed the statute of limitations to toll during the pendency of the motion, from the time the motion is filed until the court's order granting leave to file the amended complaint is filed. *See id.*

**{32}**  If New Mexico were to adopt the more limited New York approach, the statute of limitations in this case would only toll from the time the motion was filed on January 20,

2012 at 4:23 p.m. until the court entered its order a week later on January 27, 2012 at 4:05p.m. Even if the Snows were credited with the time remaining under the statute of limitations when the motion was filed, they would only have had until the close of business on January 27, 2012, the day the order was entered—a mere one-half hour—to file the second amended complaint. As a result, they would have had to file the second amended complaint before they were even notified of the district court's decision, and before they knew they had permission to file the second amended complaint. It would be absurd for us to allow tolling, but not for a period of time long enough to make a difference.

**{33}** The "deeming" rule followed in Massachusetts and Florida appears to us to be the better approach. Under a similar rule in New Mexico, the Snows' second amended complaint, filed on January 30, 2012, would be "deemed" filed on the day the motion for leave to amend was filed, conditioned only on securing a court order granting leave to file. Following this rule, the second amended complaint would be "deemed" filed within the period allowed under the statute of limitations, January 20, 2012.

**{34}** The NMDLA argues that this rule contradicts the public policy advanced by the statute of limitations and would be unfair to potential defendants. Under the Massachusetts Rules of Civil Procedure a party is required to complete service of process within 90 days of filing the document. *See* Mass. R. Civ. P. 4(j). Therefore, even with the adoption of the "deeming" rule in Massachusetts, the certainty provided by the statute of limitations is maintained because all defendants are either notified or free from the threat of litigation within 90 days after the statute of limitations has run.

**{35}** By contrast, the NMDLA points out that in New Mexico we have no set period of time for service of process. *See* Rule 1-004(C)(2) ("Service of process shall be made with reasonable diligence."). Therefore, if the "deeming" rule is adopted, potential defendants would lose the certainty provided by the statute of limitations and would never be free from the threat of potential litigation. In order to cure this unfairness to defendants, NMDLA argues that our rules should be modified to require notice to the proposed new party prior to the running of the statute of limitations. In other words, the plaintiff would have to notify the potential new defendants of the intent to sue before the amended complaint is filed.

**{36}** We decline to impose such a requirement at this time. We do so, however, without prejudice to any future efforts by an appropriate rules committee to examine the question further and offer suggested rule changes for consideration by this Court.

**{37}** Alternatively, NMDLA argues that Rule 1-004 should be amended to provide a more definite time period in which to complete service of process, similar to the Massachusetts rule. In this case, it appears that the Snows did everything within their power to file the second amended complaint and complete service of process in a timely manner. They filed the amended complaint the day they were notified that their motion requesting leave of court was granted, and they served Warren and Brininstool within a few days of filing. This clearly meets our "reasonable diligence" standard and does not provide evidence that our current

11

standard for completion of service is unworkable. However, we leave to the appropriate rules committee the option to propose revisions to the "reasonable diligence" standard if deemed prudent.

**CONCLUSION**

**{38}** We reverse the opinion of the Court of Appeals in this matter. Because the underlying lawsuit has been settled, nothing remains to be done by way of remand. We do, however, refer this opinion to the appropriate rules committee for further consideration.

**{39}** **IT IS SO ORDERED.**

                                _____

                                **RICHARD C. BOSSON, Justice**

**WE CONCUR:**

_____

**BARBARA J. VIGIL, Chief Justice**

_____

**PETRA JIMENEZ MAES, Justice**

_____

**EDWARD L. CHÁVEZ, Justice**

_____

**CHARLES W. DANIELS, Justice**