SUTIN, Judge (dissenting). {25} At the outset, I observe that the Majority’s Opinion is silent, and the issues are apparently moot as to Adam, who turned eighteen in June 2013. {26} I see two reasons that the district court should be affirmed. First, as a matter of law, extraordinary circumstances were present rendering the court’s appointment of Petitioners as guardians appropriate under Section 40-10B-8(B)(3). Second, under Section 40-10B-11(A), Children were permitted to nominate a guardian and, barring a finding by the district court that the appointment of their chosen guardian would be contrary to their best interests, the court was permitted, if not required, to appoint a guardian accordingly. {27} On the issue of extraordinary circumstances, we review the district court’s factual findings for sufficiency of the evidence, and we review de novo the legal question as to whether those findings “taken together under all the circumstances . . ., amount to extraordinary circumstances.” Victoria R., 2009-NMCA-007, ¶¶ 7, 24-26; see also Slusser v. Vantage Builders, Inc., 2013-NMCA-073, ¶ 6, 306 P.3d 524 (stating that legal questions are reviewed de novo). In so doing, “we review the evidence in the light most favorable to support the [court’s] findings, and we disregard contrary evidence.” Victoria R., 2009-NMCA-007, ¶ 25. On the issue of the district court’s determination of what is in the best interests of children in terms of custody arrangements, our review is for an abuse of discretion. State ex rel. Children, Youth & Families Dep’t v. Senaida C., 2008-NMCA-007, ¶ 9, 143 N.M. 335, 176 P.3d 324. Extraordinary Circumstances {28} Section 40-10B-8(B)(3) provides that a guardian may be appointed pursuant to the Act if “the child has resided with the petitioner without the parent for a period of ninety days or more . .. and a parent having legal custody of the child is currently unwilling or unable to provide adequate care, maintenance[,] and supervision for the child or there are extraordinary circumstances[.]” (Emphasis added.) This case does not involve a situation in which Children lived with Petitioners for ninety or more days, nor is Father unwilling or unable to care for Children. Thus, the only relevant consideration under Section 40-10B-8(B)(3) is whether the circumstances here were “extraordinary.” {29} The meaning of “extraordinary circumstances” in the context of the KGA was discussed in Ashleigh R. and restated in this Court’s opinion in Victoria R. It is defined as “a substantial likelihood of serious physical or psychological harm or serious detriment to the child.” Victoria R., 2009-NMCA-007, ¶ 28 (internal quotation marks and citation omitted); see Ashleigh R., 2002-NMCA-103, ¶ 25 (“A finding of extraordinary circumstances must be based on proof of a substantial likelihood of serious physical or psychological harm or serious detriment to the child}.]” (internal quotation marks and citations omitted)). Our Supreme Court has interpreted the “extraordinary circumstances” language in Section 40-10B-8(B)(3) “as a fail safe to allow courts to ensure that the Act is applied in a manner that adheres to the spirit of the Act.” Patrick D., 2012-NMSC-017, ¶ 29. {30} Father has not demonstrated, nor has the Majority held, that the district court’s factual findings lacked substantial evidentiary support. As such, the court’s findings provide the relevant factual framework for our analysis. See Rule 12-213(A)(4) NMRA (stating that the district court’s uncontested findings are deemed conclusive). Thus, in reviewing the court’s order, the remaining consideration is whether the findings support its legal conclusion that “extraordinary circumstances” exist that justify the decision to appoint Petitioners as kinship guardians. See Victoria R., 2009-NMCA-007, ¶ 24 (recognizing that whether extraordinary circumstances are present is a legal question). {31} In support of its “extraordinary circumstances” conclusion, the district court found, among other things, that Children, both of whom were in high school, were “excelling in academics and athletics in Grady” where they had lived for eleven years; that in Grady, unlike in Pilot Point, they had a supportive network of family and friends; and that under the circumstances, moving to Texas would have a “potential negative effect” on Children. Although the district court did not use Victoria R.’s language defining “extraordinary circumstances,” it was not required to do so. The court’s meaning was clear. By referencing the “potential negative effect” that would result from removing Children from their community and support system built over the course of eleven years and disrupting their academic and extracurricular standing during their high school years, the district court implicitly found that requiring Children to move to Pilot Point would be seriously detrimental to them. Thus, I would hold that, as a matter of law, extraordinary circumstances were present, rendering the court’s decision proper under Section 40-10B-8(B)(3). Children’s Preference and Best Interests {32} An additional basis for affirming the district court’s decision in this case is found in Section 40-1 OB-11. In relevant part, Section 40-10B-ll(A) provides that “ [i]n a pro ceeding for appointment of a guardian pursuant to the [Act] ... the court shall appoint a person nominated by a child who has reached his fourteenth birthday unless the court finds the nomination contrary to the best interests of the child[.]” Thus, in the context of the Act, children age fourteen or older are empowered to nominate their own guardians, and a conforming appointment is subject only to a court’s broad discretion to determine whether their best interests will be served by the appointment. Cf. Senaida C., 2008-NMCA-007, ¶ 9 (stating that the district court is “vested with broad discretion and great flexibility in fashioning custody arrangements . . . that will serve the best interests of the children” (emphasis, internal quotation marks, and citation omitted)). {33} The district court quoted the language of Section 40-10B-ll(A) in its decision. Although the court did not rely exclusively on Section 40-10B-ll(A) in making its determination, it found that Children, who were ages fourteen and sixteen, respectively, themselves filed the petition nominating Petitioner, Stanley J., to be their guardian. See § 40-10B-ll(A) (stating in the context of a child who nominates a guardian, that the court shall make the appointment unless the court finds the nomination contrary to the best interests of the child); see also § 40-10B-8 (A) (stating that, in the context of “a qualified person seek[ing] appointment,” the court shall make the appointment if, among other things, the best interests of the minor will be served). And it further found that the best interests of Children would be served by appointing Petitioners as Children’s kinship guardians. Notably, Father does not challenge, on appeal, the court’s best-interests determination, and it is not the purview of this Court to substitute its judgment for that of the district court in considering the best interests of Children absent an abuse of discretion. See Senaida C., 2008-NMCA-007, ¶ 9 (stating that a best-interest determination in the context of a custody arrangement is within the district court’s discretion); cf. Mayeux v. Winder, 2006-NMCA-028, ¶ 32, 139 N.M. 235, 131 P.3d 85 (stating that in reviewing a discretionary decision, we will not substitute our judgment for that of the district court). {34} Thus, considering that the teenage Children nominated Stanley J. to be their guardian, and considering that the court found that the best interests of Children would be served by appointing Petitioners as Children’s kinship guardians and did not find the appointment contrary to their best interests, I would also affirm the court’s decision on the basis of Section 40-1 OB-11(A). Additional Points {35} Respectfully, I think that the Majority’s discussion of the parental preference doctrine is out of place under the circumstances of this case. See Majority Op. ¶¶ 11-15. I have found no authority supporting the injection of the parental preference doctrine into an analysis of extraordinary circumstances in the context of the Act. I see no reason why discussion of the parental preference doctrine is necessary or useful in terms of defining “extraordinary circumstances” under the law and circumstances here. See Majority Op. ¶ 1. Victoria R. defined “extraordinary circumstances.” See 2009-NMCA-007, ¶ 28 (defining “extraordinary circumstances” as “a substantial likelihood of serious physical or psychological harm or serious detriment to the child” (internal quotation marks and citation omitted)). As defined, “extraordinary circumstances” is “a fail safe to allow courts to ensure that the Act is applied in a manner that adheres to the spirit of the Act ... [in light of the] cases that come under the Act [which] often involve unconventional family structures and unconventional facts.” Patrick D,, 2012-NMSC-017, ¶ 29.- Neither Victoria R. nor Patrick D. considered the parental preference doctrine when evaluating the meaning of “extraordinary circumstances.” Further, particularly given the express statutory preference given to Children under Section 40-10B-11(A), I have substantial difficulty with the notion that the parental preference doctrine should play any role in this case. {36} I further question the Majority’s reliance on Shorty, and Ashleigh R. in the context of this case for the reason that none of those cases involved children who were of an age or maturity level to express their custody preferences to or be heard by the district court. See J.J.B., 1995-NMSC-026,^ 1, 4 (stating that the child was four years old at the time of the court’s review); Shorty, 1975-NMSC-030, ¶ 1 (indicating that the children were of preschool age); Ashleigh R., 2002-NMCA-103, ¶ 31 (indicating that the children’s custody preferences were expressed through their grandparents’ testimony). Contrary to the circumstances of J.J.B., Shorty, and Ashleigh R., Children in this case were of an age and maturity level to express their preferences. In this case, Children’s ages, their concomitant academic and athletic achievements, their expressed guardianship preference, and their established relationships in Grady were central to the court’s determination. {37} In short, I do not consider J.J.B, Shorty, and Ashleigh R. to be persuasive authority in the context of this case. Unlike circumstances involving small children, removing the teenage Children from Grady at this stage of their lives and under the circumstances here ignores Children’s statutory preferences and their best interests. The opposite conclusion views the facts in the light most favorable to Father, contrary to the rule that we review in a light most favorable to support the court’s findings. See Victoria R., 2009-NMCA-007, ¶ 25. {38} Further, reliance on an unacceptable view expressed by the minority in Victoria R. relating to Children’s “psychological parents,” is also out of order. Majority Op. ¶ 22. Respectfully, Judge Alarid’s minority view in Victoria R. was rejected in the opinion of the Court in Victoria R., and even were it entitled to some consideration in some circumstances, in the context of this case it is factually irrelevant. {39} Nothing should prevent Father from continuing visitation with Children. When Father and Children’s Mother divorced, the court’s final divorce decree ordered a visitation schedule for Father and Children that was to be controlling in the event that Mother and Father could not agree on a visitation schedule. Although the final divorce decree entitled him to more frequent visits, the district court in the present case found that Father exercised visitation with Children “during each summer and spring break vacations.” In the present case, the district court ordered Father to follow the visitation that comported with the final divorce decree and additionally ordered that he have visitation with Children- each Thanksgiving, Christmas, and spring break from school. Thus, Father may continue to visit Children, and he may do so more frequently than previously permitted. In Sum {40} I believe that extraordinary circumstances, Children’s ages and statutory preferences, and the court’s best-interests determination fully support the district court’s decision. JONATHAN B. SUTIN, Judge