This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DENNIS O'BRIEN,**

　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　　　　　　**NO. 34,287**

**DENNIS W. MONTOYA,**

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

O'Friel and  Levy, P.C.
Daniel J. O'Friel
Pierre Levy
Aimee Bevan
Santa Fe, NM

for Appellee

Santiago Juarez Attorney at Law
Santiago E. Juarez
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

{1}      Numerous procedural inadequacies in a federal case's filing and service of process have left Plaintiff, Dennis O'Brien (O'Brien) without decisive evidence regarding the accrual of a claim for statute of limitations purposes. O'Brien contends that the filing of a complaint in federal court gave rise to his claim for malicious abuse of process. Six years after that original complaint was filed, O'Brien brought suit against Defendant, Dennis Montoya (Montoya) in state district court, asserting malicious abuse of process, and seeking application of the discovery rule to toll the applicable four-year statute of limitations. Montoya objected, filing a motion for summary judgment in which he asserted that the cause of action accrued approximately six years earlier, and insisted that the statute of limitations had run. Through summary judgment proceedings, the district court determined that O'Brien's cause of action did not accrue until one year before he filed suit. The district court's determination on this issue was based on Montoya's misspelling of O'Brien's name in the complaint, mistakenly naming the City of Santa Fe rather than Santa Fe County as a defendant in the case, and various serious irregularities in the service of process. The district court proceeded to grant summary judgment for O'Brien, entering a judgment totaling over $500,000 in damages. Montoya appealed.

{2}      Conflicting evidence exists regarding O'Brien's actual knowledge of the claim and when he acquired it, and the application of the discovery rule therefore presents a question of disputed material fact to be determined by a fact-finder. Because there

are disputed questions of material fact concerning when O'Brien became aware of the lawsuit, whether he was actually served, and if his suit is barred by the statute of limitations, we reverse the district court's order denying Montoya's second motion for summary judgment based on the statute of limitations, and granting O'Brien's motion for summary judgment on his malicious abuse of process claim. We remand for further proceedings consistent with this Opinion.

**I.  BACKGROUND**

{3}  Walter Mitchell was involved in an altercation, during which he wielded a sword at O'Brien. At the time, O'Brien was a sergeant with the Santa Fe County Sheriff's Department. In response to Mitchell's actions, O'Brien fired his weapon three times, hitting Mitchell. Mitchell was indicted for aggravated assault against a peace officer and aggravated assault with a deadly weapon and found "guilty but mentally ill" with regard to both offenses in 2004.

{4}  On November 2, 2005, Montoya, representing Mitchell, filed a civil rights action in the United States District Court for the District of New Mexico (hereinafter *Mitchell v. City of Santa Fe*), listing O'Brien as a defendant. The complaint misspelled O'Brien's name and incorrectly listed the City of Santa Fe as a defendant, rather than Santa Fe County. Montoya filed a return of service, alleging that personal service of the summons and complaint were made on "the defendant" at the Santa Fe County Sheriff's Office on November 18, 2005. *Which* of the two defendants, or both, were

3

served was not specified in the document. It is not disputed that O'Brien was aware of the existence of this lawsuit, as he had read about it in a newspaper article. However, he took no further action in the matter.

**{5}** In April 2006, Montoya filed an amended complaint in *Mitchell v. City of Santa Fe* that corrected the spelling of O'Brien's name, correctly identified the Santa Fe Sheriff's Department as O'Brien's employer, and substituted the Board of County Commissioners of Santa Fe for the City of Santa Fe. Montoya then submitted a notice of filing through the federal court's e-filing system, in which he certified that a copy of the amended complaint would be served on Santa Fe County, and that O'Brien was in default. It is undisputed that Montoya never served Santa Fe County or O'Brien with a copy of this amended complaint.

**{6}** Montoya applied for default judgment against O'Brien that the federal district court granted on May 9, 2006. In December 2007, Montoya scheduled a trial in federal district court on damages that resulted in a jury award to Mitchell of $2,500,000 in compensatory damages and $500,000 in punitive damages against O'Brien. Neither O'Brien nor Santa Fe County appeared at the trial. Montoya told the Court that notice of the hearing had gone out via the e-filing system to all parties who had entered appearances. Approximately two weeks after the damages trial concluded, with a large judgment for Mitchell, Montoya dismissed Santa Fe County from

4

*Mitchell v. City of Santa Fe*, leaving O'Brien as the sole remaining defendant. On July 29, 2009, Montoya filed a *lis pendens* against O'Brien's property.

{7}      On February 22, 2010, an Assistant United States Attorney informed O'Brien of the default judgment entered against him in *Mitchell v. City of Santa Fe*. Santa Fe County, as well as counsel for O'Brien, brought suit in federal court to set aside the default judgment (hereinafter *O'Brien v. Mitchell*).[1] *O'Brien v. Mitchell* ended when the federal court entered an order vacating *ab initio* the final judgment in *Mitchell v. City of Santa Fe* and dissolving the *lis pendens.* That order was the result of the agreement and stipulation of the parties, and occurred prior to the scheduled jury trial on the merits of *O'Brien v. Mitchell*.

{8}      On December 22, 2011, O'Brien filed this action (*O'Brien v. Montoya*), alleging Montoya engaged in malicious abuse of process when he filed the complaint in *Mitchell v. City of Santa Fe.* Montoya filed a motion to dismiss based on collateral estoppel and res judicata. That motion was denied. Montoya then filed two motions for summary judgment. We do not consider the first motion that requested partial summary judgment on any actions arising from the *lis pendens*. The second motion requested summary judgment on all claims arising from any act that occurred prior to December 22, 2007, based on the theory that such claims would be barred by the

[1]By this time, Mitchell had died from causes unrelated to this matter. Thus, O'Brien brought suit against Mitchell's estate.

statute of limitations. O'Brien also filed a motion for summary judgment on his malicious abuse of process claim. Following briefing by the parties and a hearing on the motions for summary judgment, the district court granted O'Brien's motion for summary judgment and denied both of Montoya's motions for summary judgment. Montoya now appeals the district court's order. We present additional facts as necessary to our discussion of the issues below.

## II.   DISCUSSION

**{9}**    The district court denied Montoya's motion for summary judgment based on the statute of limitations barring O'Brien's claim, reasoning that no genuine issues of material fact existed as to O'Brien first learning of the default judgment against him on February 22, 2010, or Montoya's fraudulent concealment of the federal lawsuit against O'Brien. Concluding that the limitation period began when O'Brien first learned of the default judgment against him on February 22, 2010, enabled the district court to consider the merits of O'Brien's motion for summary judgment on his malicious abuse of process claim. Thus, in order to determine whether the district court's granting of O'Brien's motion was proper, we first address Montoya's contention that O'Brien's suit was barred by the statute of limitations.

**{10}**    "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. On appeal, we

view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences in support of a trial on the merits. *See Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶¶ 7-8, 10, 148 N.M. 713, 242 P.3d 280 (defining an inference as "a logical deduction from facts proved" rather than guess work, conjecture, or supposition (internal quotation marks and citation omitted)). "Our review is conducted in light of our traditional disfavor of summary judgment and our preference for trials on the merits[,]" which is founded on the principle that summary judgment is "a drastic remedy to be used with great caution." *Madrid v. Brinker Rest. Corp.*, 2016-NMSC-003, ¶ 16, 363 P.3d 1197 (internal quotation marks and citation omitted); *Romero*, 2010-NMSC-035, ¶ 9 ("Permitting trial courts a license to quantify or analyze the evidence . . . would adversely impact our jury system and infringe on the jury's function as the trier of fact and the true arbiter of the credibility of witnesses." (internal quotation marks and citation omitted)).

{11}     Montoya contends that the district court erred in denying his motion. According to Montoya, O'Brien's malicious abuse of process claim, filed six years after Mitchell's initial claim against O'Brien, was filed outside the four-year statute of limitations and therefore untimely. In response, O'Brien relies on the "discovery rule," asserting that he did not learn of the default judgment against him until February 22, 2010, and that his suit filed in December 2011 was therefore timely. *See* NMSA 1978, § 37-1-7 (1880).

{12}   The parties agree that the applicable statute of limitations is four years. *See* NMSA 1978, § 37-1-4 (1880) (applying to actions brought for relief upon the ground of fraud and all other actions not otherwise provided for). Section 37-1-7 creates a discovery rule, which provides that a cause of action does not accrue for the purpose of calculating the statute of limitations period until the plaintiff discovers, or should have discovered, the facts that underlie his or her claim. *Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 26, 140 N.M. 111, 140 P.3d 532. Sometimes termed "inquiry notice," the discovery rule's standard requires "knowledge of facts, conditions, or circumstances which would cause a reasonable person to make an inquiry leading to the discovery of the concealed cause of action." *Yurcic v. City of Gallup*, 2013-NMCA-039, ¶ 9, 298 P.3d 500 (internal quotation marks and citation omitted). "The key consideration under the discovery rule is the factual, not the legal, basis for the cause of action." *Slusser v. Vantage Builders, Inc.*, 2013-NMCA-073, ¶ 8, 306 P.3d 524 (internal quotation marks and citation omitted). In other words, the action accrues when the plaintiff knew or should have known the relevant facts, regardless of whether he knew that those facts were enough to establish a legal cause of action. *See id.* The discovery rule carries an affirmative inquiry obligation, which requires a plaintiff to exercise "reasonable diligence" in discovering a claim. *Williams v. Stewart*, 2005-NMCA-061, ¶ 14, 137 N.M. 420, 112 P.3d 281 (internal quotation

marks and citation omitted). This "reasonable diligence" standard is measured objectively. *Id.*

{13}     Our courts have generally characterized the application of the discovery rule as a jury question, *Yurcic*, 2013-NMCA-039, ¶ 10, and whether a claim has been timely filed or whether good cause exists for delay in filing are questions of fact that become issues of law only when the relevant facts are undisputed. *Id.* ¶ 9. "[W]here there are disputed facts, it is generally the province of a jury to determine the date on which a plaintiff became aware or should have become aware of the facts underlying his or her claim." *Butler*, 2006-NMCA-084, ¶ 27; *see Medina v. Fuller*, 1999-NMCA-011, ¶ 22, 126 N.M. 460, 971 P.2d 851 (stating the general rule that disputed questions of material fact regarding whether a plaintiff is barred by the statute of limitations are to be decided by a jury). Thus, whether O'Brien was put on inquiry notice prior to February 22, 2010, is a question of fact that the district court could only resolve through summary judgment if the facts associated therewith were undisputed.

**A.     Inquiry Notice Through Newspaper Article**

{14}     Montoya insists that the undisputed facts presented to the district court demonstrated that O'Brien knew about the initial *Mitchell v. City of Santa Fe* action in 2005. Montoya points to an article in the *Albuquerque Journal* that discussed the shooting between of Mitchell by O'Brien, explained that O'Brien worked for the Santa Fe County Sheriff's Department, and explained that the *Mitchell v. City of Santa*

9

*Fe* suit incorrectly named the City of Santa Fe rather than the Santa Fe County Sheriff's Department. The article also provided details of the shooting, describes an account of the shooting as given by the complaint, and correctly identified O'Brien. There is no dispute that O'Brien read the article the day it was published; O'Brien admits to having done so. The article appeared in the newspaper on November 7, 2005, five days after Montoya filed *Mitchell v. City of Santa Fe*. The newspaper article's explanation of the factual basis for the complaint in *Mitchell v. City of Santa Fe* likely ran contrary to O'Brien's view of those facts. If the factual discrepancies between the actual events, and the complaint's assertions were as drastic as O'Brien now claims on appeal, they may have been reasonably adequate to trigger further inquiry into the bases and grounds for such assertions, as well as the implications thereof. It seems that irrespective of service of process, O'Brien could have known he was involved in a lawsuit, what the claim was, and that there was a mistake in naming a party involved in the suit.

{15}    Once a defendant makes a prima facie showing that a claim is barred by the statute of limitations, "a plaintiff attempting to invoke the discovery rule has the burden of 'demonstrating that if he or she had diligently investigated the problem he or she would have been unable to discover' the facts underlying the claim." *Butler*, 2006-NMCA-084, ¶ 28 (quoting *Martinez v. Showa Denko, K.K.*, 1998-NMCA-111, ¶ 22, 125 N.M. 615, 964 P.2d 176) (alterations omitted). Montoya proffered evidence

10

that the complaint in *Mitchell v. City of Santa Fe* was filed on November 2, 2005. On December 22, 2011, O'Brien filed his malicious abuse of process claim, *O'Brien v. Montoya*, which was based on Montoya's filing of the complaint in *Mitchell v. City of Santa Fe*. Based on the November 2005 date of the complaint, the date of the newspaper article published five days later, O'Brien's acknowledgment that he read the article, and O'Brien's complaint filed in December 2011, Montoya met his burden of making a prima facie showing that O'Brien's claim was outside the four years allowed by Section 37-1-4.

{16}     To prevail, then, it was incumbent on O'Brien to demonstrate that, had he diligently investigated his involvement in the *Mitchell v. City of Santa Fe* suit after reading the newspaper article, he would have been unable to ascertain whether he was listed in the lawsuit or whether the facts stated in the complaint were groundless. O'Brien has failed to meet his burden. The two parties' assertions on appeal as to the accrual date of O'Brien's cause of action are not mutually exclusive. While Montoya credibly asserts O'Brien had knowledge of the *lawsuit's existence*, O'Brien asserts that he first discovered the *default judgment* against him in 2010. However, O'Brien's complaint alleges that it is the *complaint* in *Mitchell v. City of Santa Fe* that gives rise to his malicious abuse of prosecution claim and not the outcome of those proceedings. Therefore it is the lawsuit's existence, rather than later proceedings that are relevant to our statute of limitations considerations here.

{17} O'Brien was certainly aware of the circumstances of the shooting. We conclude that this evidence regarding the additional knowledge that *Mitchell v. City of Santa Fe* had been filed, taken against O'Brien's asserted lack of knowledge regarding his involvement in that case, leaves open a question of fact as to whether O'Brien had knowledge sufficient to constitute inquiry notice for purposes of the discovery rule. *Butler*, 2006-NMCA-084, ¶ 27 ("[W]here there are disputed facts, it is generally the province of a jury to determine the date on which a plaintiff became aware or should have become aware of the facts underlying his or her claim."). It would therefore be improper for the district court to have granted summary judgment on the basis of knowledge based on the newspaper article alone.

**B.      Inquiry Notice Through Service of Process**

{18} Looking to the other means of discovery—service of process—we note that the facts provided by the parties involve an incredible amount of uncertainty and remarkable lack of clarity regarding service of process in *Mitchell v. City of Santa Fe*. In addition, the parties' manner of pleading below contains such selective disclosure that it is difficult to parse any undisputed facts from the record, much less those that are solidly at issue in this appeal. The summons accompanying the first complaint in that case lists the City of Santa Fe, *et al.*, as the defendants in the case. As such, O'Brien's name did not appear in the caption on the summons as a defendant. The Summons stated that it was to be served on O'Brien and the Santa Fe County Sheriff's

Department. However, O'Brien's name was spelled incorrectly, and the Santa Fe Police Department, while initially listed, was subsequently deleted and "Santa Fe County Sheriff's Dept." was handwritten in its place.[2] The Summons was dated November 15, 2005. On November 18, 2005, Montoya filed a return of service that stated that it had been personally served "upon the defendant" at the Santa Fe County Sheriff's Office, without any clarification of which defendant was served. The return of service bore the signature of a Sergeant Johnson, whose deposition testimony revealed that he had no independent memory or recollection regarding the service of process in the case, including whether or not he served the documents on O'Brien. The Santa Fe County Sheriff's internal records of service lists the plaintiff in this case as Paula Montoya, lists the defendant as the City of Santa Fe, lists the attorney as pro se, and states that the individual served was Dennis O'Brien (spelled correctly this time). It is impossible to tell if Montoya legally served the first complaint.

{19} The essence of the summary judgment issues in this case are this: while Montoya asserts something happened to trigger the statute of limitations in 2005, O'Brien asserts that it did not. Both point to evidence that they assert proves a true and undisputed set of facts. By virtue of their disagreement, however, a dispute exists. *See O'Brien v. Mitchell*, 883 F. Supp. 2d 1055, 1064 n.9 (D.N.M. 2012). This dispute

---

[2]It appears that this change was made before the summons was served.

concerns facts material to a decision of whether the discovery rule applies in 2005 or 2011. It is disturbingly likely that O'Brien was not served with Mitchell's suit. It is equally conceivable, however, that he received the summons, but disregarded it because it did not explicitly list him as a defendant. The latter possibility is troubling in light of other evidence indicating his awareness of the suit through the newspaper article, giving rise to the inference that O'Brien knew that he was involved in Mitchell's lawsuit. Given these factually disparate, yet equally possible scenarios, a dispute exists as to whether O'Brien knew or should have known facts sufficient to place him on inquiry notice.

{20} Neither party has affirmatively demonstrated that inquiry notice existed in this case. The facts do not clearly demonstrate whether O'Brien had enough knowledge of the complaint and facts underlying the complaint to be placed on inquiry notice sufficient to trigger the discovery rule in 2005. It is unclear from the evidence presented during summary judgment whether O'Brien should be held to have actually had knowledge or should have had knowledge of the suit against Santa Fe County. Due to the conflicting testimony and evidence regarding the date on which the action accrued, the issue of whether the discovery rule applies in this case is a question of fact to be determined by the jury. *See Butler*, 2006-NMCA-084, ¶ 27. The district court erred in making a factual determination on an issue that was disputed and undeniably based on facts material to the case that were unproven. As such, we

14

reverse the district court's order granting O'Brien's motion for summary judgment and denying Montoya's motion for summary judgment.

**B.      Equitable Tolling**

{21}    O'Brien asserts that, even if his complaint was untimely, his claim should be allowed to proceed either because the statute of limitations period was tolled by Montoya's fraudulent concealment of the claims against O'Brien, or because Montoya should be equitably estopped from asserting the statute of limitations. O'Brien suggests that, by not naming O'Brien in the summons, by failing to serve the complaint and summons on the defendants, and by falsely representing that the complaints and summons had been served, Montoya fraudulently concealed the claims in *Mitchell v. City of Santa Fe*.

{22}    As O'Brien acknowledges in his brief, however, we need only address these arguments if we conclude the district court erred in finding O'Brien's complaint was timely. We make no such conclusion here. Instead, we hold that there exist disputed issues of material fact as to the date on which O'Brien's claims accrued. We draw no conclusion on the merits of Montoya's assertion that O'Brien's claims are untimely. Thus, we do not address O'Brien's equitable estoppel or fraudulent concealment arguments. In fact, to do so would be improper, as it would require a factual determination regarding when O'Brien discovered the existence of *Mitchell v. City of Santa Fe*. *See Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 1993-NMSC-039, ¶ 30,

15

115 N.M. 690, 858 P.2d 66 (acknowledging that an element of fraudulent concealment is the "*successful* concealment [of the cause of action] from the injured party" (emphasis added), *holding limited on other grounds by Davis v. Devon Energy Corp.*, 2009-NMSC-048, ¶¶ 34-35, 147 N.M. 157, 218 P.3d 75). Making that factual determination on appeal, in light of the disputes evident in the record, would be improper. *See Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 (acknowledging that summary judgment is proper only where the facts are not disputed and the legal effects of the facts is all that remains to be determined). We reverse both the district court's order denying Montoya's motion for summary judgment based on the theory that Plaintiff's claims were barred by the statute of limitations and also granting O'Brien's motion for summary judgment on his malicious abuse of process claim. We remand for further proceedings consistent with this Opinion.

{23}    **IT IS SO ORDERED.**


_____

**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**

_____

**J. MILES HANISEE, Judge**

17