**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2013-NMCA-073**

**Filing Date: May 20, 2013**

**Docket No. 31,087**

**DIANE SLUSSER**,

**Plaintiff-Appellant,**

v.

**VANTAGE BUILDERS, INC.**,

**Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Narvaez Law Firm, P.A.
Martin R. Esquivel
Albuquerque, NM

for Appellant

Rammelkamp, Muehlenweg & Cordova, P.A.
Shari L. Cordova
Albuquerque, NM

for Appellee

**OPINION**

**HANISEE, Judge.**

**{1}** Diane Slusser (Plaintiff) appeals the district court's order of summary judgment based on the expiration of the statute of limitations and Plaintiff's failure to meet her burden of persuasion for an age discrimination claim. Plaintiff argues that the statute of limitations should not have commenced until she knew or should have known that a younger person had replaced her as an employee of Vantage Builders, Inc. (Defendant). In the alternative, Plaintiff contends that the statute should have been equitably tolled until she knew or should have known she was replaced by a younger person because Defendant misled her regarding the reason for her termination. We conclude that the statute began to run upon Plaintiff's

1

termination, the circumstances of this case did not require the district court to equitably toll the statute, and Defendant's actions were not grounds for applying equitable estoppel. Because the district court properly concluded that the statute of limitations expired on Plaintiff's claim, we affirm.

## I.      BACKGROUND

{2}      Defendant employed Plaintiff for four years, beginning in 2002.  Plaintiff held a managerial position in Defendant's accounting department.  In November 2005, Plaintiff received her last employee annual review, which indicated that she generally met or exceeded company expectations as to her work quality, knowledge of the job, adherence to policy, and initiative, but fell below expectations with regard to her work attitude.  On February 16, 2006, Defendant terminated Plaintiff's employment.  The termination letter stated that Defendant was "restructuring the Accounting and Purchasing Departments. [Plaintiff's] role as Manager is no longer needed within the [c]ompany.  Effective immediately your position has been eliminated."  Plaintiff was forty-one years old at the time of her termination.

{3}      In December 2006, almost ten months following her termination, Plaintiff filed a federal lawsuit under the Fair Labor Standard Act (FLSA), alleging that Defendant had improperly classified her as an exempt employee, failing to pay her the overtime that she had earned.  Although that unsuccessful lawsuit is not at issue in this case, depositions taken during the FLSA suit led Plaintiff to file the complaint associated with the present appeal. Specifically, in the June 2007 deposition of her former supervisor, Scott Porter, Porter stated that Plaintiff's termination was performance related.  When asked why the termination letter did not mention Plaintiff's deficient performance, Porter stated, "I personally like [Plaintiff] and I did not want to jeopardize anything as far as her being able to find another job."  From that deposition and from two ensuing depositions of employees who continued to work for Defendant after Plaintiff's departure, Plaintiff learned that a younger woman in her twenties named Karie Trahan, who was paid substantially less than Plaintiff, assumed some of Plaintiff's responsibilities after her termination.  Plaintiff stated that Trahan "was also assigned . . . Plaintiff's position as 'Assistant Controller'[ and] . . . . had the same roles and performed the same job" as Plaintiff.

{4}      On October 15, 2007, twenty months following her termination, Plaintiff filed a charge of discrimination under the New Mexico Human Rights Act with the Equal Employment Opportunity Commission (EEOC), alleging:

> In February, 2006 I was laid off.  On June 26, 2007, I discovered that a younger female in her [twenties] was placed in my position. . . .  I believe that I have been discriminated against because of my age (41 at the time of the incident) in violation of the Age Discrimination in Employment Act of 1967.  I believe that I have been retaliated against for complaining.

*See* NMSA 1978, § 28-1-7(A) (2004) (stating that under New Mexico's Human Rights Act,

2

it is an unlawful discriminatory employment practice to discharge a person based on age); NMSA 1978, § 28-1-10 (2005) (stating the grievance procedure for Human Rights Act violations); *Sabella v. Manor Care, Inc.*, 1996-NMSC-014, ¶¶ 12-13, 121 N.M. 596, 915 P.2d 901 (stating that the initial grievance can be filed with and pursued through either the EEOC or New Mexico Human Rights Division). Plaintiff's case subsequently proceeded to district court, where Defendant made the motion for summary judgment at issue in this appeal, arguing that the claim was time-barred and asserting that Plaintiff failed to meet her burden of persuasion. The district court granted summary judgment on both grounds. Plaintiff now appeals.

## II.    DISCUSSION

**{5}** Plaintiff asserts that the district court erred in granting summary judgment based on its conclusion that the statute of limitations unequivocally expired 300 days after Plaintiff was terminated from employment. *See* § 28-1-10(A) ("All complaints shall be filed . . . within three hundred days after the alleged act was committed."). Plaintiff contends that the statute of limitations should only begin to run when she knows or should know that the employer's adverse action was discriminatory. Plaintiff also argues that the statute of limitations should have been equitably tolled because Defendant acted in a deceptive manner by concealing the reason for her termination.

**{6}** "In a motion for summary judgment, the party claiming that a statute of limitation should be tolled has the burden of alleging sufficient facts that if proven would toll the statute." *Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 12, 135 N.M. 539, 91 P.3d 58 (internal quotation marks and citation omitted). "Upon [the defendant] making [a] prima facie showing [that the statute of limitations ran], the burden then shifted to [the] claimant, who was required to show at least a reasonable doubt as to the existence of a genuine factual issue on tolling of the statute." *Hutcherson v. Dawn Trucking Co.*, 107 N.M. 358, 360, 758 P.2d 308, 310 (Ct. App. 1988) *overruled on other grounds by Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2013-NMSC-___, ¶ 27, ___ P.3d ___ (No. 33,372, Apr. 11, 2013). "The determination of whether a claim is timely filed is a question of fact, and only becomes a question of law when there is no factual dispute." *Ocana*, 2004-NMSC-018, ¶ 12. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review . . . legal questions de novo." *Id.*

**{7}** At the outset, we clarify three principles at play in Plaintiff's arguments regarding the statute of limitations: the discovery rule, equitable tolling, and equitable estoppel. The discovery rule dictates when the statute of limitations begins to run in a case. *Gerke v. Romero*, 2010-NMCA-060, ¶ 10, 148 N.M. 367, 237 P.3d 111. Equitable tolling, on the other hand, operates to suspend the statute of limitations in situations where circumstances beyond a plaintiff's control prevented the plaintiff from filing in a timely manner. *Ocana*, 2004-NMSC-018, ¶ 15. Lastly, equitable estoppel bars a defendant from raising the statute of limitations defense when the defendant actively prevents the plaintiff from filing within

3

the period of limitation. *Tomlinson v. George*, 2005-NMSC-020, ¶ 13, 138 N.M. 34, 116 P.3d 105. We address each of Plaintiff's arguments in turn within the context of these principles.

**A.      The Statute of Limitations Ran From the Date of the Adverse Employment Action**

**{8}**      Plaintiff first argues that she filed within the statute of limitations because the statute should have commenced when she knew or should have known that the termination was motivated by discrimination. "[U]nder the discovery rule, the statute of limitations begins when the plaintiff acquires [or with reasonable diligence should have acquired] knowledge of facts, conditions, or circumstances which would cause a reasonable person to make an inquiry leading to the discovery of the concealed cause of action." *Gerke*, 2010-NMCA-060, ¶ 10 (internal quotation marks and citation omitted); *Williams v. Stewart*, 2005-NMCA-061, ¶ 12, 137 N.M. 420, 112 P.3d 281 (stating that "[t]he discovery rule provides that the cause of action accrues when the plaintiff discovers or with reasonable diligence should have discovered that a claim exists" (internal quotation marks and citation omitted)). "The key consideration under the discovery rule is the factual, not the legal, basis for the cause of action. The action accrues when the plaintiff knows or should know the relevant facts, whether or not the plaintiff also knows that these facts are enough to establish a legal cause of action." *Christus St. Vincent Reg'l Med. Ctr. v. Duarte-Afara*, 2011-NMCA-112, ¶ 29, 267 P.3d 70 (internal quotation marks and citation omitted), *cert. quashed*, 2012-NMCERT-005, 294 P.3d 447. With regard to the discovery rule, our case law thus plainly differentiates between discovering the existence of predicate facts to a cause of action and discerning the theory of law under which to proceed.

**{9}**      There are two divergent applications of the discovery rule specific to age discrimination cases that assign differing values to a plaintiff's knowledge of his or her employer's discriminatory motive. Under the minority rule, "the limitations period does not start to run until the employee knows or should know that he or she has been or will be replaced by a person outside the protected age group." *Wheatley v. Am. Tel. & Tel. Co.*, 636 N.E.2d 265, 268 (Mass. 1994); *see also Henry v. N.J. Dep't of Human Servs.*, 9 A.3d 882, 894 (N.J. 2010) (commencing the statute of limitation for a racial discrimination claim when the employee learned or by reasonable diligence should have learned that less-qualified Caucasian nurses were hired into advanced positions). In embracing the minority position, the Massachusetts Supreme Court relied on its own statute of limitations case law, and favorably, although in our view incorrectly, cited several federal cases for support. *Wheatley*, 636 N.E.2d at 268. These federal cases did not delay commencement of the discovery rule until the plaintiff's awareness of the legal cause of action, the position favored by the minority of courts, but rather applied equitable principles to toll the statute of limitation under otherwise similar factual circumstances. *See id.* (citing *Sturniolo v. Sheaffer, Eaton, Inc.*, 15 F.3d 1023, 1025-26 (11th Cir. 1994) (stating that the limitation period runs from the date of the adverse employment act, but applying equitable modification to toll the statute); *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 880-82 (5th Cir. 1991) (commencing the statute of limitations when the plaintiff was terminated, but

4

holding that the employer's statement that it would consider rehiring the worker was a misstatement that lulled the worker into not approaching EEOC sooner and justified application of principles of equitable modification); *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307-09 (3d Cir. 1983) (stating that the limitation period runs from the date of the adverse employment act, but applying equitable modification to toll the statute).

**{10}** In contrast, the majority rule followed by some states and most federal courts, including the Tenth Circuit, requires the applicable statutes of limitation in age-based employment discrimination cases to run from the date the plaintiff learns of the adverse employment action. *See Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1177 (10th Cir. 2011) ("[A]n employee who discovers, or should have discovered, the *injury* (the adverse employment decision) need not be aware of the unlawful *discriminatory intent* behind that act for the limitations clock to start ticking."); *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 749 (1st Cir. 1994) (holding that the initial termination letter, not subsequent communications, marked beginning of limitations period); *Sturniolo*, 15 F.3d at 1025-26 (commencing the statute of limitations at the time of the adverse employment action); *Rhodes*, 927 F.2d at 880-82 (same); *Meyer*, 720 F.2d at 307-09 (same); *Ching v. Mitre Corp.*, 921 F.2d 11, 14 (1st Cir. 1990) (cause of action accrues on the happening of an event likely to put plaintiff on notice); *Chapman v. Homco, Inc.*, 886 F.2d 756, 758 (5th Cir. 1989) (holding that limitations period on employment discrimination claim triggered on date of discharge, not on date of discovery of discriminatory intent); *McConnell v. Gen. Tel. Co. of Cal.*, 814 F.2d 1311, 1317 (9th Cir. 1987) (recognizing that statute of limitations begins to run from the date of the adverse employment action but noting that it could be tolled by the employer's active concealment of facts); *Ogletree v. Glen Rose Indep. Sch. Dist.*, 314 S.W.3d 450, 454-55 (Tex. App. 2010) (stating that the employment discrimination claim was triggered on date of discharge, not on date of discovery of discriminatory intent).

**{11}** The rationale behind the majority rule's commencement of the statute of limitations on the date the plaintiff discovers the adverse employment action is that "when an employee knows that he has been hurt and also knows that his employer has inflicted the injury, it is fair to begin the countdown toward repose . . . [because h]e knew the stated reason for [the adverse employment action] and could assess its legitimacy." *Morris*, 27 F.3d at 750. Like all other causes of action, "the plaintiff need not know all the facts that support his claim in order for countdown to commence." *Id.* "To allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would effectively eviscerate the time limits prescribed for filing such complaints." *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992). The United States Supreme Court has explained that statutes of limitation "protect employers from the burden of defending claims arising from employment decisions that are long past." *Del. State Coll. v. Ricks*, 449 U.S. 250, 256-57 (1980). Furthermore, equitable principles, as discussed below, protect plaintiffs when it would be unfair to enforce a statute of limitation against them. We agree with and adopt the overwhelming use of the majority rule commencing statutes of limitation in age discrimination cases when a plaintiff knows or should know of the adverse employment action, regardless of whether the plaintiff then has or should have knowledge of the employer's discriminatory intent. Thus, we reject Plaintiff's contrary argument and affirm

5

the district court on this ground.

**{12}** Next we assess whether reversal is warranted under the related but distinct doctrines of equitable tolling and equitable estoppel, which respectively function to either suspend the statute of limitations or bar a defendant from enforcing a statute of limitation. *Sebelius v. Auburn Reg'l Med. Ctr.*, ___ U.S. ___, 133 S. Ct. 817, 830 (2013) (Sotomayor, J., concurring) ("While equitable tolling extends to circumstances outside both parties' control, the related doctrines of equitable estoppel and fraudulent concealment may bar a defendant from enforcing a statute of limitation when its own deception prevented a reasonably diligent plaintiff from bringing a timely claim."). Notably, equitable tolling ensures that a plaintiff can bring a cause of action when circumstances outside of his or her control unfairly inhibit the plaintiff's ability to file in a timely manner. Whereas, equitable estoppel penalizes a defendant for undertaking actions that are purposefully aimed at inhibiting a plaintiff from filing his or her claim against the defendant in a timely manner.

**B.      Plaintiff Failed to Allege Sufficient Facts to Equitably Toll the Statute**

**{13}** New Mexico directly recognizes the distinct legal theory of equitable tolling. "Equitable tolling is a nonstatutory tolling theory which suspends a limitations period." *Ocana*, 2004-NMSC-018, ¶ 15. We determine the applicability of equitable tolling on a case-by-case basis, with an eye toward "cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control." *Id.*; *see* 54 C.J.S. *Limitations of Actions* § 134 (2013) (explaining equitable tolling generally).

**{14}** In *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990), Judge Posner, writing for the Seventh Circuit, provided an outline of the equitable remedies potentially available to a plaintiff in cases where employment discharge is allegedly effectuated on an impermissible discriminatory basis and the plaintiff fails to file in a timely manner. *Cada* explained that equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Id.* at 451. The purpose of equitable tolling is to give "the plaintiff extra time if he needs it. If he doesn't need it there is no basis for depriving the defendant of the protection of the statute of limitations." *Id.* at 452. Notably, equitable tolling "does not assume a wrongful—or any—effort by the defendant to prevent the plaintiff from suing." *Id.* at 451.

**{15}** The United States Supreme Court has stated that, "where a pattern remains obscure in the face of a plaintiff's diligence in seeking to identify it, equitable tolling may be one answer to the plaintiff's difficulty[.]" *Rotella v. Wood*, 528 U.S. 549, 561 (2000). Similarly, the Seventh Circuit explained that equitable tolling applies where "the plaintiff is assumed to know that he has been injured [by his termination notice], so that the statute of limitations has begun to run; but he cannot obtain information necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant." *Cada*, 920 F.2d at 451; *see Sturniolo*, 15 F.3d at 1025-26 (remanding for further factual development and stating that "[t]he date when [the employee] knew or should have known that [the employer] had hired

6

a younger individual to replace him is the date upon which the tolling period should commence").

**{16}**    "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Ocana*, 2004-NMSC-018, ¶ 15 (stating that the plaintiff must act diligently to pursue her rights in order to assert equitable tolling). In assessing diligence, "[t]o determine whether a plaintiff in fact lacked vital information, a court should ask whether a reasonable person in the plaintiff's position would have been aware that he had been fired in possible violation of the [anti-discrimination law]." *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1329 (8th Cir. 1995) (internal quotation marks and citation omitted); *Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir. 1994) (same). "The qualification 'possible' is important. If a plaintiff were entitled to have all the time he needed to be *certain* his rights had been violated, the statute of limitations would never run—for even after judgment, there is no certainty." *Cada*, 920 F.2d at 451.

**{17}**    Although we can imagine circumstances similar to those in the case at bar where equitable tolling would be appropriate, we conclude that this equitable doctrine does not apply here because Plaintiff failed to produce sufficient facts showing that she has diligently pursued her rights. *Ocana*, 2004-NMSC-018, ¶¶ 12, 15 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." (internal quotation marks and citation omitted)); *Stringer v. Dudoich*, 92 N.M. 98, 99, 583 P.2d 462, 463 (1978) (stating that the party asserting equitable tolling bears the burden of providing sufficient facts that if proven would toll the statute). In response to Defendant's motion for summary judgment, Plaintiff argued that "testimony from one employee [of Defendant] indicates that [] Trahan assumed Plaintiff's duties soon after she left[,] while [testimony from] another employee says that Trahan assumed some of Plaintiff's duties, at a significantly lower salary, right away." Plaintiff attached excerpts of these depositions from employees Susan Harris and Judy Montoya to her brief responding to Defendant's motion for summary judgment. Harris testified that after Plaintiff was terminated, Trahan appeared to have taken over some of Plaintiff's duties. Montoya, who was formerly supervised by Plaintiff, testified that Trahan and Plaintiff had the same role, and that sometime after Plaintiff's departure, Trahan became Montoya's boss. Plaintiff stated that this evidence "contradict[ed] Porter's testimony and [Defendant]'s assertion that Trahan was not promoted for [eleven] months after [Plaintiff] was terminated."

**{18}**    Yet, despite the fact that Plaintiff asserts evidence of discrimination existed immediately after her termination, when a younger employee took over at least some of her responsibilities at the company, Plaintiff never showed that she acted diligently to discover such evidence and pursue her rights as required to equitably toll a statute. Even though Plaintiff subjectively lacked such information within the 300 days following her termination, Plaintiff bore an affirmative duty to diligently investigate her potential Human Rights Act causes of action against her employer. Our Supreme Court has made it clear that "where a plaintiff fails to receive notice of the right to sue through his or her own fault, equitable

7

tolling does not apply." *Ocana*, 2004-NMSC-018, ¶ 15. At issue in the motion for summary judgment is whether Plaintiff objectively should have known information necessary to decide whether the injury was due to Defendant's wrongdoing and whether she properly asserted factual evidence regarding her exercise of due diligence.

**{19}** As we stated above, "[i]n a motion for summary judgment, the party claiming that a statute of limitation should be tolled has the burden of alleging sufficient facts that if proven would toll the statute." *Id.* ¶ 12 (internal quotation marks and citation omitted). Here, Plaintiff failed to assert and support with facts that the circumstances were such that she should not have known about Trahan taking over her duties, even with reasonable diligence in investigating the basis of her termination. Instead, in her response opposing the motion for summary judgment, Plaintiff produced facts indicating that evidence existed well within the statute of limitations that could have supported her claim for age discrimination. In that same response, Plaintiff never asserted or produced factual evidence pertaining to why she could not obtain such evidence of discrimination within the first 300 days of her termination, or assertions regarding the efforts she undertook, if any, to diligently pursue her rights prior to the depositions taken in excess of a year following her termination. Instead, Plaintiff asserted that the information regarding Trahan taking over her responsibilities "did not come to light until . . . Porter's June 27, 2007 deposition[,]" and therefore the statute of limitations should be tolled. But Plaintiff does not describe the manner in which she in fact pursued her claim in the seventeen months following her termination and prior to the taking of Porter's deposition.

**{20}** To provide the district court with a basis to apply equitable tolling in this case, Plaintiff must show that she was unable to discover the facts constituting Defendant's discriminatory intent, *despite* her diligence to assert her rights. *See Wall v. Nat'l Broad. Co.*, 768 F. Supp. 470, 476 (S.D.N.Y. 1991) (stating that summary judgment appropriate when the plaintiff has "failed to set forth evidence demonstrating that he could not have discovered the alleged discriminatory act at an earlier date in the exercise of reasonable diligence"). Where the "[p]laintiffs have offered no facts . . . to explain why they did not earlier discover the defendant's employment practices at some earlier time[, t]his court is inclined to believe that such facts should be forthcoming in order to satisfy the due diligence requirement of equitable tolling." *Allen v. Diebold, Inc.*, 807 F. Supp. 1308, 1317 (N.D. Ohio 1992). Neither Plaintiff's complaint nor her response to Defendant's motion for summary judgment asserted facts regarding the nature of her efforts and diligence prior to discovering the cause of action. *See Auguste v. N.Y. Presbyterian Med. Ctr.*, 593 F. Supp. 2d 659, 667 (S.D.N.Y. 2009) (stating that equitable tolling is inapplicable because "allegations [of trickery by the defendant who offered the plaintiff an interview after her termination] are insufficient to merit the application of the equitable tolling doctrine[,]" and that the plaintiff "has not demonstrated that she exercised reasonable diligence in pursuing her discrimination claim"); *see also Allen*, 807 F. Supp. at 1317 (concluding that where the plaintiffs offered no facts to show diligence, equitable tolling does not apply even if the plaintiffs were only informed a year after termination that the defendant company had hired younger individuals to replace them).

**{21}** We therefore conclude that the district court did not err in granting summary judgment on the ground that the statute of limitations ran because Plaintiff failed to meet her burden of alleging sufficient facts to toll the statute of limitations.

## C.    Equitable Estoppel Does Not Apply Under These Facts

**{22}** Lastly, to the extent that Plaintiff's contentions regarding the inconsistently asserted reasons Defendant provided for her termination could be construed as an equitable estoppel argument, we conclude that equitable estoppel is inapplicable here. Under the theory of equitable estoppel, "a party may be estopped from asserting a statute-of-limitations defense if that party's conduct has caused the plaintiff to refrain from filing an action until after the limitations period has expired." *In re Drummond*, 1997-NMCA-094, ¶ 13, 123 N.M. 727, 945 P.2d 457. "The [equitable estoppel] theory is premised on the notion that the one who has prevented the plaintiff from bringing suit within the statutory period should be estopped from asserting the statute of limitation as a defense." *Tomlinson*, 2005-NMSC-020, ¶ 13 (internal quotation marks and citation omitted); *Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 115 N.M. 690, 697, 858 P.2d 66, 73 (1993) ("Estoppel precludes one party from asserting a right when another party has relied to his detriment upon the acts or conduct of the first party and when asserting that right would prejudice the other who has acted thereon in reliance.").

> Under the doctrine of equitable estoppel, the party estopped from asserting a statute of limitations must have (1) made a statement or action that amounted to a false representation or concealment of material facts, or intended to convey facts that are inconsistent with those a party subsequently attempts to assert, with (2) the intent to deceive the other party, and (3) knowledge of the real facts other than conveyed. The party arguing estoppel must (1) not know the real facts, and (2) change his or her position in reliance on the estopped party's representations.

*Blea v. Fields*, 2005-NMSC-029, ¶ 20, 138 N.M. 348, 120 P.3d 430; *Vill. of Angel Fire v. Bd. of Cnty. Comm'rs of Colfax Cnty.*, 2010-NMCA-038, ¶ 21, 148 N.M. 804, 242 P.3d 371 (same). Our courts also apply equitable estoppel in cases where the defendant fraudulently conceals the cause of action from the plaintiff. *Beneficial Fin. Co. of N.M. v. Alarcon*, 112 N.M. 420, 425, 816 P.2d 489, 494 (1991). "When a litigant is relying on fraudulent concealment or estoppel to toll the running of a statute of limitations, the statute is tolled until the right of action is discovered or, by the exercise of ordinary diligence, could have been discovered." *Bolton v. Bd. of Cnty. Comm'rs*, 119 N.M. 355, 369, 890 P.2d 808, 822 (Ct. App. 1994).

**{23}** Here, Plaintiff argues that Defendant fraudulently concealed the cause of action by stating that Plaintiff was terminated because the company was restructuring the accounting department. The Seventh Circuit's discussion in *Cada*, which rejected a similar argument, is also helpful to our assessment of the applicability of equitable estoppel. 920 F.2d at 450-51. In *Cada*, the plaintiff argued that the defendant's reorganization of his department

was a ruse to conceal the plan to fire him because of his age. *Id.* In rejecting this argument, the court explained how active concealment for purposes of estoppel differs from events giving rise to the underlying cause of action. *Id.* at 451. The court concluded that:

> This [argument] merges the substantive wrong with the [equitable estoppel] doctrine, ignoring [the] distinction between [the] two types of fraud. It implies that a defendant is guilty of fraudulent concealment unless it tells the plaintiff, "We're firing you because of your age." It would eliminate the statute of limitations in age discrimination cases.

*Id.*

**{24}** Similarly, in this case, Defendant's statement that Plaintiff was terminated because of the company's reorganization did not constitute active steps, independent of the underlying allegedly tortious conduct, to prevent the plaintiff from filing her age discrimination claim on time. Simply because Porter provided two different reasons for Plaintiff's termination in and of itself fails to indicate or establish that the termination was instead motivated by age discrimination. To conclude that such an inconsistency constitutes fraudulent concealment of discriminatory intent would effectuate a practically limitless extension of the New Mexico Human Rights Act's statute of limitations, the very untenable result identified by the Seventh Circuit. Thus, although New Mexico law provides for the application of equitable estoppel in appropriate circumstances, we conclude that the district court's decision not to apply it under the facts of this case was proper.

## III. CONCLUSION

**{25}** Because the statute of limitations is dispositive, we do not address the district court's application of the new and harsher standards of proof recently adopted and implemented by the United States Supreme Court in federal age discrimination claims to claims brought pursuant to the New Mexico Human Rights Act. *Compare Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) (establishing for the first time in federal age discrimination cases that the plaintiff must prove that age was the "but-for" cause of the employer's adverse decision, and eliminating the shifting of the burden of persuasion to the employer to show that it would have taken the action regardless of age, even when plaintiff has produced some evidence that age was one motivating factor in that decision), *with Cates v. Regents of the N.M. Inst. of Mining & Tech.*, 1998-NMSC-002, ¶ 17, 124 N.M. 633, 954 P.2d 65 (applying burden shifting rules derived from earlier federal age discrimination cases to age discrimination claims under New Mexico's Human Rights Act; stating that once the plaintiff establishes a prima facie case of age discrimination, the burden shifts to the employer to show a legitimate nondiscriminatory reason for its decision; and explaining that if a legitimate, nondiscriminatory reason is produced by the employer, the burden shifts to the plaintiff either to show direct evidence of age discrimination or to prove that the employer's reasons for dismissal were pretext for age discrimination). While we leave for another day the decision regarding the application of the *Cates* method of proof in light of *Gross*, we affirm the district court because the statute of limitations commenced at the time of the

adverse employment action, was not delayed, interrupted, or rendered unavailable to Defendant by equitable tolling or equitable estoppel, and therefore expired prior to the filing of Plaintiff's lawsuit.

**{26}    IT IS SO ORDERED.**

                             _____

                             **J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**

**Topic Index for *Slusser v. Vantage Builders, Inc.*, No. 31,087**

**APPEAL AND ERROR**
Standard of Review

**CIVIL PROCEDURE**
Equitable Claims or Defenses
Limitation of Actions
Statute of Limitations
Summary Judgment
Time Limitations

**CIVIL RIGHTS**
Age Discrimination
Discrimination
Employment Discrimination
Human Rights Act
Time Limitations

**EMPLOYMENT LAW**
Discrimination
Statute of Limitations
Termination of Employment

**REMEDIES**
Equity