Certiorari Denied, February 7, 2017, No. S-1-SC-36260

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2017-NMCA-027

Filing Date: November 29, 2016

Docket No. 34,724

S. LOUIS LITTLE,

        Plaintiff-Appellant,

v.

THOMAS R. BAIGAS,

        Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Jeff Foster McElroy, District Judge

The Herrera Firm, P.C.
Samuel M. Herrera
Taos, NM

for Appellant

New Mexico Legal Center, P.C.
Lee Boothby
Taos, NM

for Appellee

OPINION

KENNEDY, Judge.

{1}     A vacationing tenant renting a home fell from a deck that was built almost ten years earlier by an unlicensed builder. The tenant injured himself in 2009 and sued the lessor of the home in 2011 for his injury. During that suit, the tenant sought to discover from the lessor the identity of the person who built the deck, but the lessor did not identify the builder for almost three years. While waiting for the lessor to identify the builder, the statute of

1

limitations on the claims for the tenant's personal injuries expired. The builder was subsequently disclosed by the lessor and was quickly named as a defendant in the case. The builder filed a motion for summary judgment, claiming that because the statute of limitations had run before he was named as a defendant, he was entitled to dismissal of the claims against him. The tenant responded by asserting that the doctrines of equitable tolling and equitable estoppel applied to block the statute of limitations' operation. The district court granted summary judgment for the builder, and dismissed the tenant's claims against the builder. The tenant appeals that dismissal.

**{2}** We conclude that the builder made a prima facie showing of entitlement to summary judgment based on the statute of limitations. We conclude that the tenant's basis for asserting equitable tolling and equitable estoppel as bars to the operation of the statute of limitations is insufficient to invoke those doctrines. Although we fully recognize the disdain and enmity with which New Mexico courts view unlicensed contractors, we also conclude that the tenant cannot prevail basing his claims of fraudulent concealment of the builder's identity or the builder's unlicensed status and  failure to secure a construction permit for the deck. Since the tenant did not proffer evidence sufficient to establish the elements of either of those doctrines such as would defeat the operation of the statute of limitations, the district court properly granted summary judgment, and we affirm.

## I.      BACKGROUND

**{3}** The facts of this case are undisputed. In April 2000, Defendant Thomas R. Baigas built a deck for Defendant Paulette Jacobs. At the time, Baigas was not licensed as a contractor. Neither Baigas nor Jacobs had applied for or obtained a building permit. In the summer of 2009, Plaintiff S. Louis Little was renting a vacation home from Jacobs. While replacing a hot tub cover on the deck in question on the evening of July 14, 2009, Little slipped and fell off the deck, injuring himself in the fall. Little brought suit against Jacobs on August 3, 2011, seeking damages for personal injury. Jacobs, despite discovery requests made by Little in December 2011 and again on January 24, 2012, did not produce the identity of her builder until January 3, 2013, when she found a cancelled check in her records and disclosed that Baigas had constructed the deck. On January 18, 2013, Little amended his complaint, adding Baigas as a defendant and seeking punitive damages. Baigas filed a motion to dismiss pursuant to Rule 1-012 NMRA; we reversed the district court's dismissal of the case, holding that an unlicensed contractor cannot benefit from the statute of repose contained in NMSA 1978, Section 37-1-27 (1967). *Little v. Jacobs*, 2014-NMCA-105, ¶ 1, 336 P.3d 398.

**{4}** Baigas filed a motion for summary judgment, making two arguments: the three-year statute of limitations for personal injury actions had run by the time Little added Baigas as a defendant, and the discovery rule did not operate to save Little's cause of action. Little responded to Baigas's motion for summary judgment by arguing that the four-year statute of limitations for negligence claims applied and that Baigas was either equitably estopped from raising a statute of limitations defense, or that equitable tolling applied to the statute

2

of limitations.

**{5}** The district court issued a letter decision acknowledging the undisputed nature of the facts in this case and granting Baigas's motion for summary judgment. As stated in its letter decision, the district court believed that "[t]he crux of the issue" was whether the three- or four-year statute of limitations applied. The district court concluded that Little was bringing a personal injury action, and thus applied the three-year statute of limitations. It then concluded that the doctrine of equitable estoppel did not apply to the case, explaining that no facts showed "that [P]laintiff relied on any representations of . . . Baigas against his interest." The district court also opined that Little's best argument was for equitable tolling, but ultimately concluded that Baigas's failure to procure a contractor's license and building permit did not constitute the extraordinary circumstances required for tolling to apply. The district court therefore issued an order dismissing Little's claims against Baigas. Little filed a timely appeal, asserting that the district court's refusal to apply equitable tolling or estoppel was error.

## II. DISCUSSION

### A. Standard of Review

**{6}** Summary judgment is appropriate where there is "no genuine issue as to any material fact," and the movant is entitled to judgment "as a matter of law." Rule 1-056(C) NMRA. We review an order granting summary judgment de novo, viewing "the pleadings, affidavits, depositions, answers to interrogatories, and admissions in the light most favorable to a trial on the merits" and resolving "all reasonable inferences in favor of the party opposing summary judgment[.]" *Madrid v. Brinker Rest. Corp.*, 2016-NMSC-003, ¶ 16, 363 P.3d 1197 (internal quotation marks and citation omitted). Our courts "view summary judgment with disfavor, preferring a trial on the merits." *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 8, 148 N.M. 713, 242 P.3d 280. In summary judgment proceedings, the moving party has the initial burden of establishing a prima facie case for summary judgment; in other words, they must make a showing sufficient to "raise a presumption of fact or establish the fact in question unless rebutted." *Id.* ¶ 10 (internal quotation marks and citation omitted). But once the movant makes a prima facie showing, "the burden shifts to the non-movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* (internal quotation marks and citation omitted). During summary judgment proceedings, a party cannot rely on allegations of the complaint or argument that facts may exist, but instead must provide evidence to justify a trial on the issues and that gives rise to reasonable inferences. *Id.* "An inference is not a supposition or a conjecture, but is a logical deduction from facts proved and guess work is not a substitute therefor." *Id.* (internal quotation marks and citation omitted).

### B. Baigas Made a Prima Facie Case for Summary Judgment

**{7}** We note at the outset that, although in the district court the parties contested whether

the applicable statute of limitations was three or four years, that issue is not before us on appeal. Although Little argued that the four-year statute of limitations for negligence actions applied, and Baigas argued for the three-year statute of limitations on personal injury claims, the district court agreed with Baigas, applying the three-year statute of limitations. On appeal, Little has neither argued that the four-year period should apply, nor asserted error in the district court's application of the three-year period. We therefore conclude that he has abandoned the argument he made below that a four-year statute of limitations applies. *See State v. Flanagan*, 1990-NMCA-113, ¶ 1, 111 N.M. 93, 801 P.2d 675 ("Issues not briefed on appeal are deemed abandoned."); *see also* Rule 12-213(A)(4) NMRA (requiring that a brief in chief set forth an argument, standard of review, explanation of preservation, and citation to authority in support of each issue presented on appeal). This being a case involving personal injury from Baigas's alleged defective construction of the deck, we see no error in proceeding under the three-year statute. The next question we must consider is whether Baigas set forth sufficient undisputed facts to establish a prima facie case that the amended complaint was filed outside of the applicable three-year statute of limitations.

**{8}** "Under the discovery rule, the statute of limitations begins to run when the plaintiff knows or, with reasonable diligence should know, of his injury and its cause." *Gerke v. Romero*, 2010-NMCA-060, ¶ 12, 148 N.M. 367, 237 P.3d 111. It is beyond cavil that Little knew the date of his injury and its cause; he filed suit against Jacobs within the statute of limitations. It is also undisputed fact that Little filed his second amended complaint naming Baigas as a defendant on January 18, 2013. This date is outside the three-year period for bringing actions based on personal injuries that began on July 14, 2009 and ended three years later. *See* NMSA 1978, § 37-1-8 (1976).

**{9}** Based on undisputed facts, Baigas established a prima facie case that the statute of limitations as to any claim against him expired on July 14, 2012. We hold that Baigas met his burden of making a prima facie case that the statute of limitations had expired prior to Little amending his complaint to join Baigas as a defendant. Little asserts equitable bars to the operation of the statute of limitations, and we now turn to an examination of whether those doctrines apply.

**C.     Little Failed to Establish Equitable Tolling or Equitable Estoppel**

**{10}** As noted above, Little twice unsuccessfully requested of Jacobs in December 2011 and January 2012 that she identify the person who constructed the deck. In neither instance did Little pursue the request beyond making it. Jacobs finally dislodged Baigas's identity from a cancelled check on January 3, 2013, after the statute of limitations had run. Based on this late disclosure by Jacobs, Little countered Baigas's motion for summary judgment, alleging that the statute of limitations was either equitably tolled by Baigas's concealing his identity by failing to obtain a building permit for the deck, or that Baigas's "concealment" of his identity should equitably estop Baigas from asserting a statute of limitations defense. He also asserted that whether Baigas concealed his identity was a material fact in dispute that should be presented to the jury because Baigas performed the work illegally as an

4

unlicensed contractor and failed to obtain a building permit that was required for the construction of the deck. Neither of these facts are in dispute for purposes of summary judgment. Little further argued that had Baigas obtained a building permit, his name would have been public record, and discoverable through that public pathway. We can assume that Baigas was more untraceable because of the lack of the license and permit.

**{11}** Our Supreme Court clarified the difference between equitable tolling and equitable estoppel.

> Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim. In contrast, the doctrine of equitable estoppel comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations.

*Estate of Brice v. Toyota Motor Corp.*, 2016-NMSC-018, ¶ 11, 373 P.3d 977 (quoting *Shropshear v. Corp. Counsel of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001)). Equitable tolling functions to suspend the statute of limitations, while estoppel bars a defendant from enforcing a statute of limitations. *Slusser v. Vantage Builders, Inc.*, 2013-NMCA-073, ¶ 12, 306 P.3d 524.

### 1.  Equitable Tolling

**{12}** Equitable tolling is a non-statutory tolling principle that provides relief in cases when exceptional circumstances beyond the plaintiff's control preclude filing suit within the statute of limitations. *See Snow v. Warren Power & Mach., Inc.*, 2015-NMSC-026, ¶ 24, 354 P.3d 1285. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Slusser*, 2013-NMCA-073, ¶ 16 (internal quotation marks and citation omitted). Exceptional circumstances require that a plaintiff demonstrate "an extraordinary event beyond his or her control." *Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶ 15, 135 N.M. 539, 91 P.3d 58. The doctrine does not "assume a wrongful—or any—effort by the defendant to prevent the plaintiff from suing." *Slusser*, 2013-NMCA-073, ¶ 14 (internal quotation marks and citation omitted). Where a plaintiff fails to produce sufficient facts showing that either element has been met, equitable tolling should not be applied. *Id.* ¶ 17.

**{13}** Little cites to *Lopez v. State*, 1996-NMSC-071, 122 N.M. 611, 930 P.2d 146, and our unreported case, *McEaddy v. N.M. State Agency for Surplus Prop.*, No. 33,576, 2015 WL 660159, mem. op. (N.M. Ct. App. Jan. 29, 2015) (non-precedential), as support for his assertion that equitable tolling is appropriate. Neither case is helpful; both deal with the notice provision of the Tort Claims Act. *Lopez* specifically declined to apply equitable estoppel, *id.* ¶ 22, while *McEaddy* is not precedent. *See Hess Corp. v. N.M. Taxation &*

*Revenue Dep't*, 2011-NMCA-043, ¶ 35, 149 N.M. 527, 252 P.3d 751 ("[A]n unpublished opinion is written solely for the benefit of the parties to the action and has no controlling precedential value."); *see also* Rule 12-405(C), (D) NMRA (stating that non-reported cases are not precedent); Rule 23-112 NMRA app. (II)(D) (setting out proper form for citing unpublished and non-precedential opinions to enable reviewing court to be apprised of their status). Little also rests his discussion of the elements of equitable tolling on the fact that he was "forced to rely on Jacob[s'] memory and her leisurely attempts at reviewing her records," putting him "at the mercy of Jacob[s] because [Baigas] had effectively concealed his identity by failing to obtain a building permit for the job." Upon our review of the record, and for the following reasons, we cannot conclude that equitable tolling applies in this case.

a.      **Little Failed to Demonstrate Sufficient Diligence in Pursuing Baigas's Identity**

**{14}**    We note that the original complaint and an amended complaint filed in this case against Jacobs some nine months later, mention no one else as possibly liable for Little's injuries.[1] Little promptly requested of Jacobs the identity of the person who built the deck and a copy of the building permit after filing suit against her in 2011. The interrogatory submitted by Little asked Jacobs to "provide the name, address, telephone number of the person or persons who constructed the deck." Little does not direct us to any pleading filed at that time requesting the building permit or any other documents. When Little requested an extension of discovery in August of that year, it related to a medical witness; no search for the deck's builder was mentioned. In January 2012, Little received a supplemental answer from Jacobs that the builder's name was still unknown to her. Jacobs informed Little at the time that because it had "been so long" since the deck was built that Jacobs could not "recall the person's name who installed the deck." However, Jacobs stated she was "working on locating this information and when found, it will be provided." Little alleges no attempts to enforce his requests for production of documents from Jacobs concerning the builder's identity.[2] Neither did he, for nearly a year after this semi-response from Jacobs, make any other efforts to press Jacobs to disgorge the builder's information[3] before the statute of limitations ended in July 2012.

**{15}**    However, almost a year after her last communication on the subject, on January 4, 2013, Jacobs filed a disclosure of lay witnesses and exhibits that listed "Thomas R. Baigas," who might "testify regarding his knowledge of the construction of the deck surrounding the

---

[1]The second amended complaint filed in May 2012, only added a claim for damages based on the deck's construction violating the Uniform Building Code.

[2]*See* Rule 1-034 NMRA (providing that a party may serve a request for production of documents to which the recipient is obligated to respond within thirty days).

[3]*See* Rule 1-037(A)(2) NMRA (providing for a party's motion to compel discovery if an interrogatory has not been answered or document has not been provided pursuant to a lawful request under Rule 1-033 (interrogatories) or Rule 1-034 (requests for production).

incident of July 14, 2009." Following the disclosure, a pending trial date was vacated, and Little filed his third amended complaint, alleging in the motion to amend that the first two complaints did "not contain sufficient allegations to permit [Little] to have his cause fully and fairly presented to the court and jury" and that he should be permitted to name Baigas as a defendant.

**{16}** Although the district court determined on undisputed facts that Little "was diligently pursuing his claim," Little's argument before that court was no more than he "did not discover [that] he had a claim against . . . Baigas until . . . Jacobs disclosed the identity of the person who constructed the deck . . . [after which] [Little] immediately sought to amend his complaint[.]" This allegation is only partially true. Little clearly knew that he had a cause of action, as demonstrated by suing Jacobs. His interrogatories indicated a belief the deck's builder shared liability for his injury. The only missing fact was Baigas's name. This is not a picture  showing the active pursuit of a tortfeasor whose function, but not identity, is known to an opposing party. Little's discovery of Baigas's identity was in essence the result of no more than passive luck, in which he played no great part in developing. We have previously expressed our inclination to hold a plaintiff to the statute of limitations when a plaintiff has not affirmatively sought necessary information to support a known cause of action. *See Yurcic v. City of Gallup*, 2013-NMCA-039, ¶ 21, 298 P.3d 500; *cf. Reaves v. Bergsrud*, 1999-NMCA-075, ¶ 27, 127 N.M. 446, 982 P.2d 497 (determining that the plaintiff suffered no unfairness in the denial of her motion to name an expert after missing the deadline to do so, where the plaintiff should have known that she needed an expert to testify). By this standard, the district court's finding of diligence on Little's part seems overly generous.

**{17}** Despite the statute of limitations looming, Little followed no avenues such as motions to compel or depositions of Jacobs (including subpoena duces tecum for her records) directed at ascertaining the identity of the deck's builder. Based on the facts before us, we will not accord the label of "reasonable diligence" to Little's passive acceptance of Jacobs' dilatory practices. *See Lewis ex rel. Lewis v. Samson*, 2001-NMSC-035, ¶ 29, 131 N.M. 317, 35 P.3d 972 ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." (alteration, internal quotation marks, and citation omitted)); *cf. State v. Pruett*, 1984-NMSC-021, ¶¶ 6-7, 100 N.M. 686, 675 P.2d 418 (holding that a failure to pursue adequate remedies to ascertain witness information constituted lack of due diligence); *N.M. Feeding Co. v. Keck*, 1981-NMSC-034, ¶ 11, 95 N.M. 615, 624 P.2d 1012 (stating that where discovery procedure was available, a party's failure to use it until three days before trial showed lack of diligence); *State v. Curry*, 2002-NMCA-092, ¶ 19, 132 N.M. 602, 52 P.3d 974 (stating that a failure to use "basic trial preparation" constitutes lack of diligence); *City of Carlsbad v. Grace*, 1998-NMCA-144, ¶ 8, 126 N.M. 95, 966 P.2d 1178 (holding that a party's failure to find its accounting error because of its practice of not checking payments was a lack of diligence).

**{18}** We believe that in light of the undisputed facts, the district court's finding of sufficient diligence is wrong as a matter of law. To establish his claim of equitable tolling,

Little bore the burden of showing he diligently investigated and pursued the identity of all parties responsible for his injury. Based on the evidence before the district court, he failed to satisfy the first prong of the test for equitable tolling by failing to attempt to compel Jacobs' responses to his discovery requests or ask for documents she might have possessed concerning the construction of the deck. *See Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 (acknowledging an appellate court "may affirm a district court's ruling on a ground not relied on by the district court" (internal quotation marks and citation omitted)).

## B.     No Exceptional Circumstances Prevented Little's Discovery of Baigas's Identity

**{19}**     We now turn to the element of whether Little demonstrated that extraordinary circumstances precluded the discovery of Baigas's identity. Neither the district court's nor our analysis supports Little's position. Little bore the burden of demonstrating facts sufficient to show that the circumstances rendering his diligence futile were "extraordinary." *Slusser*, 2013-NMCA-073, ¶ 16. Little's brief in chief rests entirely on the assertion that "[t]he District Court held that as a matter of law, the[] circumstances [of this case] were extraordinary." This is a misrepresentation sufficient to invite our caution to counsel to stick to the record, since in fact, the district court found that the "circumstances are *not* extraordinary circumstances contemplated by the theory of equitable tolling." (Emphasis added.) We agree with the district court.

**{20}**     Little never set forth any evidence, argument, or authority of how his unremarkable actions in regard to Jacobs' unremarkable reticence were extraordinary circumstances sufficient for invoking equitable tolling. Nor has he explained how being an unlicensed contractor or failing to secure a building permit is an exceptional circumstance. Little now suggests that he was at Jacobs' mercy and that had Jacobs not retained the check, "which she was not obligated to do," Baigas would have remained undiscovered; this reveals that Jacobs' having the check is the sole extraordinary event justifying tolling. Without more, we hold that Little has not met his burden.

**{21}**     The fact that Jacobs' faulty memory may have inhibited Little's search was unfortunate but Little did not pursue the facts to meet his burden of showing extraordinary circumstances. The district court disposed of Little's equitable tolling argument on this basis, finding that there were no extraordinary circumstances justifying tolling. We affirm the district court. We next consider Little's assertion that equitable estoppel constitutes a bar to invoking the statute of limitations.

## C.     Equitable Estoppel

**{22}**     The district court concluded that the "principle of [equitable estoppel] does not apply here" because there was no evidence that Little relied on any representations made by Baigas to Little's detriment. The district court granted summary judgment, finding that Baigas had not purposefully concealed his identity and that Little did not rely to his detriment on any

representations made by Baigas, thus defeating Little's claim of equitable estoppel. Appellate courts review a district court's application of the doctrine of equitable estoppel for an abuse of discretion. *Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 1993-NMSC-039, ¶ 26, 115 N.M. 690, 858 P.2d 66. "The existence of grounds justifying a claim of equitable estoppel is a question of fact," and the party relying on a claim of equitable estoppel "has the burden of establishing all facts necessary to prove it." *Id.* ¶ 30. "The party must plead the circumstances giving rise to estoppel with particularity." *Id.* ¶ 31.

**{23}** Equitable estoppel prohibits a party from asserting a statute of limitations defense " 'if that party's conduct has caused the plaintiff to refrain from filing an action until after the limitations period has expired.' " *Slusser*, 2013-NMCA-073, ¶ 22 (quoting *In re Drummond*, 1997-NMCA-094, ¶ 13, 123 N.M. 727, 945 P.2d 457). The doctrine of equitable estoppel is "premised on the notion that the one who has prevented the plaintiff from bringing suit within the statutory period should be estopped from asserting the statute of limitation as a defense." *Id.* (internal quotation marks and citation omitted).

**{24}** To prevail on his claim of equitable estoppel, Little was required to prove that Baigas "(1) concealed material facts, falsely represented material facts, or made representations of fact different or inconsistent with later assertions in court; (2) had an intent or expectation that such conduct would be acted upon by the plaintiff; and (3) possessed either actual or constructive knowledge of the real facts." *Vill. of Angel Fire v. Bd. of Cty. Comm'rs of Colfax Cty.*, 2010-NMCA-038, ¶ 21, 148 N.M. 804, 242 P.3d 371 (alteration, internal quotation marks, and citation omitted). Additionally, Little had to prove that he "(1) lacked both the knowledge and the means of acquiring knowledge of the truth as to the facts in question; (2) relied on the defendant's conduct; and (3) acted upon that conduct in a way that prejudicially altered his position." *Id.* (internal quotation marks and citation omitted). "Fraudulent concealment may be either active, as with an affirmative effort to conceal the negligence such as a false representation, or the fraud may be passive where, in a confidential relationship[,] a duty to speak exists, and the defendant, with knowledge of his negligence, remains silent." *Kern ex. rel. Kern v. St. Joseph Hosp., Inc.*, 1985-NMSC-031, ¶ 32, 102 N.M. 452, 697 P.2d 135. To obtain estoppel under a theory of passive fraudulent concealment, also known as estoppel by silence, a party must first "establish that there was a duty to speak," and then show that the party asserting estoppel relied upon that silence. *Cont'l Potash, Inc.*, 1993-NMSC-039, ¶ 43. However, "[b]ald allegations of concealment are not sufficient to make out a case of fraudulent concealment." *Id.* ¶ 31; *see also Blea v. Fields*, 2005-NMSC-029, ¶¶ 27-28, 138 N.M. 348, 120 P.3d 430 (establishing elements of fraudulent concealment, and holding that silence, without an act of concealment or evidence of intent to mislead potential claimants, combined with a claimant's reasonable means to learn of the defendant's status, does not support equitable estoppel). The elements of fraudulent concealment also include detrimental reliance by the plaintiff on the acts of the defendant. *McNeill v. Rice Eng'g & Operating, Inc.*, 2006-NMCA-015, ¶ 23, 139 N.M. 48, 128 P.3d 476.

**{25}** Little fails to demonstrate that he relied to his detriment on anything Baigas did.

9

Jacobs represented facts to Little that "she [was] working on locating this information and when found, it [would] be provided." As noted above, Little did not pursue the most likely source of Baigas's identity, with the result that a cancelled check found a year after the second response from Jacobs resulted in the filing of the claim against Baigas.

**{26}** The district court found that "Baigas was not aware of the filing of the original complaint and had no reason to know that the action would be brought against him" and that Baigas not having the proper license or permit did not demonstrate any intent on his part to thwart Little's claim. Little's brief takes liberty with the district court's language, asserting that the court said that Baigas "effectively concealed his identity," when the district court did no more than note that the lack of paperwork "may have had that effect." We agree with the district court's assessment of the facts, since nothing Little alleges demonstrates that Baigas, during the passage of nine years since building the deck, had any actual or constructive knowledge of the facts concerning Little's injury or his suit against Jacobs until after Jacobs revealed his name, and he received a summons and complaint. In evaluating this claim, we are not unmindful of our previous holding that had Little more diligently pursued the cancelled check that Jacobs had in her possession, Baigas's identity may have been revealed sooner. This also plays heavily into requiring that Little establish that he had neither the knowledge nor the means of acquiring knowledge of Baigas's identity. *See Vill. of Angel Fire*, 2010-NMCA-038, ¶ 21.

**{27}** We agree with Little that there was "no evidence whatsoever" before the district court as to Baigas's intent, as we observe that it is Little's burden to establish Baigas's intent as an element of fraudulent concealment to support his estoppel claim. No confidential or fiduciary relationship or knowledge of possible liability, giving rise to a "duty to speak," exists between the parties in this case. *Cont'l Potash, Inc.*, 1993-NMSC-039, ¶ 43. If anything, the lack of evidence that Baigas intended to conceal either his identity or liability from Little forecloses any conclusion that there was any fraudulent concealment relevant to Little's claim of equitable estoppel.

**{28}** Little's unfortunate citation to *Lopez*, concerning concealment by silence, incorrectly stated that our Supreme Court applied equitable estoppel against the State when the plaintiff in a slip-and-fall case was inhibited from filing a tort claims notice against the correct party within ninety days by paying attention only to the name on a courthouse. *See* 1996 -NMSC-071, ¶ 17. The Supreme Court, noting that it was loath to apply estoppel against the State, specifically declined to decide the issue of equitable estoppel in that case. *Id*. ¶¶ 21-22. Little suggests that the district court erred by making findings regarding Baigas's intent in not obtaining a license. After Baigas made his prima facie showing that the statute of limitations had run, the burden shifted to Little to proffer evidence that equitable estoppel was appropriate. Little was required to show that Baigas had the intent to deceive that is required under the equitable estoppel doctrine, but proffered no such evidence. We are therefore not persuaded that there is any evidence that Baigas purposefully concealed any facts from Little or that Little placed any reliance on anything Baigas did. We therefore see no error in the district court's conclusion that the doctrine of equitable estoppel does not apply in this case,

and we affirm.

**D.  Being an Unlicensed Contractor Does Not Preclude Asserting a Statute of Limitations Defense**

**{29}**  Little's last argument is that Baigas's status as an unlicensed contractor is sufficient as a matter of law to preclude his reliance on the statute of limitations. However, Little's assertion on this point is grounded only in arguing the public policy that has resulted in legislation that protects licensed contractors against harsh application of the discovery rule for filing causes of action and prevents unlicensed contractors from maintaining an action to be paid for any work they do.

**{30}**  New Mexico's statutes and case law reflect strong public policy against unlicensed contractors. *See Gamboa v. Urena*, 2004-NMCA-053, ¶ 14, 135 N.M. 515, 90 P.3d 534 (recognizing that the Legislature has a "complete intolerance of unlicensed contractors"). Contracting without a license is a crime. NMSA 1978, § 60-13-12(A) (1989). We recognized this position in the first appeal of this case, *Little*, 2014-NMCA-105, ¶ 12, when we cited to a plethora of cases that stand for the proposition that an unlicensed contractor has no cause of action for compensation for his or her work, whether based in contract, equity, or otherwise. *Id.* ¶¶ 12-13. Case law reflects this policy mostly by disallowing unlicensed contractors to recover compensation for unlicensed work, "even if the work was 'expertly performed' and the consumer knew the contractor was unlicensed." *Gamboa*, 2004-NMCA-053, ¶ 15 (quoting *Mascarenas v. Jaramillo*, 1991-NMSC-014, ¶ 16, 111 N.M. 410, 806 P.2d 59 (noting that "[t]he public policy behind the licensing requirement of Construction Industries Licensing Act is so strong that the element of consumer knowledge is of no consequence")). Unlicensed contractors are prohibited from using the courts to recover compensation "under any theory, whether in law or in equity." *Romero v. Parker*, 2009-NMCA-047, ¶¶ 17, 19, 146 N.M. 116, 207 P.3d 350 (noting that "an unlicensed contractor's action for compensation is barred on all equitable principles"). More to the point, we held in *Little* that the statute of repose allowed to contractors under Section 37-1-27 only protects licensed contractors, and not others, based on this Court's and the Legislature's "strong public policy against unlicensed contractors." *Little*, 2014-NMCA-105, ¶¶ 1, 12, 17, 21. Hence, the statute of repose was foreclosed to Baigas in *Little*.

**{31}**  Here, Baigas is maintaining no action on his own behalf to assert rights against Little based on his work, but defending an action brought *by* Little asserting the expiration of the statute of limitations. Precluding a contractor from maintaining any action for payment for work is different from applying the generally applicable statute of limitations to an action to establish a contractor's liability for injury caused by that work. A statute of repose whose protection extends to a limited class of potential defendants is also different from the general statute of limitations that applies to all civil actions. Ultimately, in *Little* we concluded that an unlicensed contractor was outside the limited class of actor protected by the statute of repose provided by Section 37-1-27, which limits the time within which the discovery rule would operate to allow suit for construction defects. *Little*, 2014-NMCA-105, ¶¶ 17-18, 21.

11

We noted that in applying the benefit of the repose to "architects, builders, and those involved in the construction industry[,]" we had previously held that owners who design and construct their own improvements were excluded from its benefit because they are not the described persons whom the statute of repose was designed to protect. *Id.* ¶ 19 (internal quotation marks and citation omitted).

**{32}** Little concedes there is no law directly on point, and he is asking for us to construct yet "another detriment" to contracting without a license, as we did in *Little*. *Id.* ¶ 20 (stating that the effect of our holding denying the statute of repose to Baigas created "another detriment" to contracting without a license). However in *Little*, we specifically stated that "our holding does not prevent an unlicensed contractor from defending an action against him." *Id*. Though we acknowledge the importance of the policy denying unlicensed contractors the fruits of licensure—payment for their work and a statute of repose—we have found no basis to hold that equitable tolling or estoppel is triggered as a matter of law by Baigas's unlicensed status or that failing to get a construction permit is, as a matter of law, fraudulent concealment. The statute of limitations is an affirmative defense available to all defendants, and we will not extend our previous holding here to create a legal bar to unlicensed contractors invoking it.

## III. CONCLUSION

**{33}** Though noting New Mexico's "complete intolerance" of unlicensed contractors, *Gamboa*, 2004-NMCA-053, ¶ 14, we decline Little's invitation to expand it to characterize a contractor's failure to obtain a license or building permit as fraudulent concealment as a matter of law sufficient to automatically trigger equitable estoppel. In light of Little's failure to set forth facts sufficient to trigger the application of either equitable estoppel or equitable tolling, we conclude that the district court properly declined to apply the doctrines of equitable tolling and equitable estoppel to this case. We affirm the district court's order granting summary judgment in favor of Baigas.

**{34}  IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**